UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ORAL W. NUNIS, SR. by and through, ROXIE A. NUNIS, individually and as successor in interest to the ESTATE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHULA VISTA, et al.,<br><br>Defendants. | Case No.: 21-cv-1627-AJB-DEB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO REMAND**<br><br>**(2) DENYING AS MOOT EX PARTE MOTION TO SHORTEN TIME FOR MOTION HEARING**<br><br>**(Doc. Nos. 8, 11)** |

Before the Court is a motion to remand filed by Plaintiffs, Estate of Oral W. Nunis, Sr., by and through Roxie A. Nunis, individually and as successor in interest to the Estate; Naomi Nunis; Willie Mae Kirkland as Guardian ad Litem for Abigail Tabitha Nunis; and Jabez Caleb Nunis ("*Estate* Plaintiffs"). (Doc. No. 8.) Defendants, City of Chula Vista, Evan Linney, Manuel Padilla, David Rivers, Brian Olson, Jordan Salvador, David Arce, Denny Kremer, and Kenneth Hicks (collectively "Defendants") filed an opposition, to which the *Estate* Plaintiffs replied. (Doc. Nos. 12, 15.) Having reviewed the parties' moving papers, the Court finds the motion suitable for determination without oral

1

argument. Civ. L. R. 7.1(d)(1). For the reasons set forth below, the Court **DENIES** the motion to remand.

## I.  BACKGROUND

On September 15, 2021, San Diego Superior Court Judge Gregory W. Pollack granted Defendants' unopposed motion to consolidate two related wrongful death lawsuits arising out of Oral W. Nunis, Sr.'s death on March 13, 2020, while in the custody of Chula Vista police officers. (Doc. No. 17 at 54.) The two cases are (1) *Estate of Oral W. Nunis, Sr., et al. v. City of Chula Vista, et al.*, brought by the decedent's wife and three younger children; and (2) *Kimone Nunis, et al. v. City of Chula Vista, et al.*, brought by the decedent's four older children. (*Id.* at 2–3.) The operative complaint in the *Estate* matter brings causes of action for civil rights violations under California's Bane Act, assault, battery, false imprisonment, and negligence. (*Id.* at 6.) The operative complaint in the *Kimone* matter brings several causes of action, including civil rights violations under 42 U.S.C. § 1983, civil rights violations under the Bane Act, assault, battery, negligence, and negligent and intentional infliction of emotional distress. (*Id.* at 29.) On September 16, 2021, Defendants removed the consolidated case to federal court based on federal-question jurisdiction. (Doc. No. 1.) The instant motion to remand the case to state court follows. (Doc. No. 8.)

## II.  LEGAL STANDARD

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a), (b); 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The presence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* In determining jurisdiction over separate actions that have been consolidated for all purposes, "the actions are treated as if only one complaint had originally been filed." *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 925 (9th Cir. 2015).

## III. DISCUSSION

The *Estate* Plaintiffs argue that this action should be remanded because the operative complaint in the *Estate* matter "does not trigger federal subject matter jurisdiction since only state common law causes of action of assault, battery, false imprisonment, and negligence are pleaded." (Doc. No. 8 at 9.) The *Estate* Plaintiffs further assert that because the *Estate* matter "is well underway" with discovery produced and a trial date pending on May 13, 2022 in state court, the Court should exercise its discretion to remand this action. (*Id.* at 12–13.) Defendants contend that it is irrelevant that the operative complaint in the *Estate* matter did not contain a federal question because the consolidated action before this Court, which includes the *Kimone* matter, does. (Doc. No. 12 at 6.) The Court agrees.

There is no dispute that the *Estate* and *Kimone* matters were consolidated at the state court level for all purposes. (Doc. Nos. 12 at 6; 15 at 3.) To determine whether federal-question jurisdiction exist over this consolidated case, the Court looks to the complaint in both actions, treating them "as if only one complaint had originally been filed." *Bridewell-Sledge*, 798 F.3d at 925. Applying the well-pleaded complaint rule, the Court finds that it has federal-question jurisdiction over this case because the consolidated action contains four claims pursuant to 42 U.S.C. § 1983, a federal statute. (Doc. No. 17 at 41–46, *Kimone* Compl.) Because the consolidated action raises a federal question, the Court has subject matter jurisdiction over this case, and Defendants were entitled to removal. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1331; *Caterpillar*, 482 U.S. at 392.

While the *Estate* Plaintiffs argue that principles of fairness and equity require the Court to remand the case, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678 (1946)." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). In *Bell*, the Supreme Court instructed that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

The *Estate* Plaintiffs have not shown that the rare dismissal of a case in which the Court has federal-question jurisdiction is warranted here. *See id.* First, nowhere in their opening brief or reply do the *Estate* Plaintiffs mention the *Bell* standard.[1] (Doc. Nos. 8, 15.) Second, the Court finds their allegations that Defendants engaged in gamesmanship by conspiring with counsel for the *Kimone* Plaintiffs to "get the Family's Case in federal court" unpersuasive. (Doc. No. 15 at 5.) The record does not support a finding that Defendants improperly manipulated removal of this action.

As the *Estate* Plaintiffs concede, they chose not to oppose Defendants' motion to consolidate their case with the *Kimone* matter. (Doc. No. 8 at 6.) Had they opposed consolidation, Defendants would have had no basis to remove their case to federal court. (*Id.*) Considering that the *Estate* Plaintiffs had the opportunity, but neglected to oppose consolidation and prevent removal, the Court finds their accusations of gamesmanship unavailing.[2] Additionally, there is no indication that the federal civil rights claims raised

---

[1] The Court notes that because there has been no dismissal of the federal claims in this case, the *Estate* Plaintiffs' request for the Court to deny exercising pendent jurisdiction over their state claims is inappropriate at this time. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (noting that the district court has discretion to adjudicate pendent state claims following final disposition of all federal claims).

[2] Indeed, counsel for the *Estate* Plaintiffs admitted that he did not read past the motion's opening caption and first few paragraphs, and that had he read the paragraph about the *Kimone* matter including causes of action under 42 U.S.C. § 1983, he would have filed an opposition. (Doc. No. 8 at 6–7.)

in this action are immaterial or wholly insubstantial and frivolous. *See Bell*, 327 U.S. at 682–83. Thus, the Court does not find this case to be exceptional and warranting a rare remand under *Bell*.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** the motion to remand (Doc. No. 8) and **VACATES** the previously scheduled motion hearing on December 23, 2021. Having vacated the motion hearing date and denied the motion to remand, the Court **DENIES AS MOOT** the *ex parte* motion to shorten time for motion hearing. (Doc. No. 11.) Lastly, for completeness of the record and judicial efficiency, the Court **ORDERS** Defendants to file, no later than noon on Tuesday, November 23, 2021, the answers to the operative complaints in this case.[3]

**IT IS SO ORDERED**.

Dated:  November 19, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[3] For ease of document identification and reference, the Court instructs the parties that future filings of document exhibits **MUST** be filed as separate attachments to a main document identifying the exhibits attached. The parties are discouraged from filing several exhibits as one composite document. Such filings are onerous to sift through and do no favors for judicial efficiency.