**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
  E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
  E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
  E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys Defendants,
CITY OF CHULA VISTA, EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, JORDAN SALVADOR, and KENNETH HICKS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ORAL W. NUNIS, SR. by and through, ROXIE A. NUNIS, individually, and as Administratrix of the ESTATE, and NAOMI NUNIS, Individually, ABIGAIL TABITHA NUNIS, Individually, and WILLIE MAE KIRKLAND as Guardian *ad Litem* for J.C.N., KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS and LUDECEA NUNIS, as Successors-in-Interest to Decedent Oral W. Nunis,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CHULA VISTA; DAVID ARCE, BRIAN OLSEN, DAVID KREMER, EVAN LINNEY, DAVID RIVERS, MANUAL PADILLA, JORDAN SALVADOR, KENNETH HICKS and DOES 1-90, Inclusive,<br><br>Defendants. | Case No. 21-cv-1627-AJB-DEB<br>[*Hon. Anthony J. Battaglia, Dist. Judge; Hon. Daniel E. Butcher, M. Judge*]<br><br>**DEFENDANTS' OPENING BRIEF REGARDING OBJECTIONS TO PLAINTIFFS' EXPERTS AND EXCLUSION OF CERTAIN PLAINTIFFS' EXPERTS DUE TO DUPLICATIVE TESTIMONY**<br><br>Date:    October 5, 2023<br>Time:    2:00 p.m.<br>Crtrm.:  4A (or Via Remote Electronic)<br><br>1st State Compl. Filed:  Nov. 23, 2020<br>Removal to Fed. Ct.:    Sept. 16, 2021<br>Trial Date:                Apr. 16, 2024 |

///

///

///

**TO THE HON. COURT, PLAINTIFFS, ALL PARTIES & THEIR COUNSEL**:

PLEASE TAKE NOTICE that, pursuant to the Court's Order [Dkt. 105] and rulings at the July 13, 2023 pre-trial conference (PTC), defendants CITY OF CHULA VISTA ("City"), Officer BRIAN OLSON (erroneously named as BRIAN OLSEN), Agent EVAN LINNEY, Officer DAVID RIVERS, Officer MANUEL PADILLA (erroneously named as MANUAL PADILLA), Officer JORDAN SALVADOR, and Sergeant KENNETH HICKS (collectively herein after as "Defendants") hereby submit the following Brief in support of their objections to plaintiffs' expert witnesses on the grounds stated herein below.

# TABLE OF CONTENTS

Page

1. INTRODUCTION & SUMMARY OF ARGUMENT. ................................... 1
2. RELEVANT PROCEDURAL & FACTUAL HISTORY. .............................. 2
   A. Underlying Incident. ................................................................ 2
   B. Plaintiffs' Police & Pathology Expert Disclosures. ............................. 2
   C. Expert Depositions Reveal Cumulative & Identical Opinions. .............. 3
      i. *Plaintiffs' Duplicative Police Practices Opinions*. ..................... 3
      ii. *Plaintiffs' Duplicative Forensic Medical Opinions*. .................. 4
   D. Procedural History. ................................................................. 6
   E. Defendants' Ignored Offer For Mutual Stipulation To Authenticity Of Videos. ................................................................................ 6
3. BOTH SETS OF PLAINTIFFS FAILED TO PROVIDE A LIST OF DISPUTED EXPERTS PRIOR TO THE COURT'S DEADLINE AND NOW PLAINTIFFS MAY NOT OBJECT TO DEFENDANTS' EXPERTS. ................................................................................ 6
4. PLAINTIFFS SHOULD NOT BE ALLOWED TO PRESENT DUPLICATIVE EXPERTS IN THIS MATTER. ........................................... 7
   A. Plaintiffs Should Be Limited to One Forensic Pathology Expert at Trial. .................................................................................. 8
   B. Plaintiffs Should Be Limited to One Police Practices Expert at Trial. ................................................................................. 10
   C. Plaintiffs' History Of Plaintiffs' Side Discord & Disagreements On Legal Strategy Should Not Be Allowed To Unfairly Prejudice Defendants. ......................................................................... 11
5. CONCLUSION. ............................................................................ 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960 (9th Cir. 2004) ...................... 12

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ......................................................... 12

*Cox v. Paul Revere Life Ins. Co.*, 2011 U.S. Dist. LEXIS 61797, at *9-10 (S.D. Cal. June 8, 2011) ................................................................................. 5

*Halbert v. Cty. of San Diego*, 2011 U.S. Dist. LEXIS 166979 (S.D. Cal. June 27, 2011) ........................................................................................................ 8, 10

*Menendez v. Terhune*, 422 F.3d 1012 (9th Cir. 2005) .................................................. 8

*Ruud v. United States*, 256 F.2d 460 (9th Cir. 1958) .............................................. 8, 10

*United States ex rel. Jordan v. Northrop Grumman Corp.*, 2003 U.S. Dist. LEXIS 29055 (C.D. Cal. Feb. 24, 2003) ............................................................. 8

*United States v. Alisal Water Corp.*, 431 F.3d 643 (9th Cir. 2011) ............................. 8

**RULES**

Fed. R. Civ. P. 37 ............................................................................................................ 5

Fed. R. Evid. 403 ............................................................................................................ 7

S.D. Cal. Civil Rule 83.1 .............................................................................................. 12



# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION & SUMMARY OF ARGUMENT.

Plaintiffs are attempting to take advantage of the fact that there are two groups of plaintiffs in this matter represented by separate law firms in order to present duplicative expert testimony at trial on the topics of forensic pathology and police practices. Specifically, while plaintiffs' forensic pathology experts and police practices experts have somewhat different backgrounds, the opinions they offer are essentially identical to each other. It is thus unfairly prejudicial to the Defendants that plaintiffs should be allowed to present the same or cumulative police practices opinions twice, through two different experts, and to present the same or cumulative cause-of-death forensic pathology opinions twice, through two different experts.

Rather, this Court should order that, barring other evidentiary exclusions, by no later than 14 days after the hearing date on this issue, all plaintiffs shall: (a) jointly designate a single police practices expert from among the two previously designated by any of the plaintiffs in this case (Mr. Clark or Mr. Harmening), and withdraw the other police practices expert; and (b) jointly designate a single forensic pathology expert from among the two previously designated by any of the plaintiffs in this case (Dr. Omalu or Dr. Baden), and withdraw the other police practices expert.

Alternatively, if plaintiffs fail to timely comply, the Court should order that both of plaintiffs' police practices experts and both of their forensic pathology experts are excluded from evidence at trial.

To elaborate, trial courts have the power to exclude expert testimony on the basis that it is cumulative, prejudicial, and an undue waste of time and judicial resources. Plaintiffs fail to provide any evidence that this matter warrants the trial testimony of *two* forensic pathology experts and *two* police practices experts on behalf of plaintiffs. Rather, the deposition testimony of the experts at issue reflects that allowing two experts to testify on each of these topics is cumulative because their opinions are substantially identical. Plaintiffs should not have the opportunity to take two bites at the apple at trial,

causing prejudice to defendants who appropriately retained a single expert on each relevant subject matter in dispute in this matter. Accordingly, plaintiffs should be limited to *one* forensic pathology expert and *one* police practices expert at trial in this matter; and if their prior pattern of plaintiffs-side discord causes them to fail to agree on a single expert, all of plaintiffs' duplicative experts should be stricken and excluded from evidence.

## 2. RELEVANT PROCEDURAL & FACTUAL HISTORY.

### A. Underlying Incident.

This matter is a civil rights lawsuit involving a March 13, 2020 incident between Oral Nunis, Sr. and officers of the Chula Vista Police Department ("CVPD"). Plaintiffs allege that the CVPD officers used excessive force in prone restraint and use of the WRAP device and caused Mr. Nunis' death by asphyxiation associated with the WRAP and use of a spit hood. Defendants deny liability on all of plaintiffs' claims and dispute causation of death in this matter: producing evidence that Mr. Nunis' restraint was necessitated by his non-compliance, danger to self and others, and violent resistance; and that his death was the result of a pre-existing condition that Mr. Nunis exacerbated by overtaxing his body through his resistance until a chemical imbalance later stopped his heart. [*See* Dkt. 92.]

### B. Plaintiffs' Police & Pathology Expert Disclosures.

There are two sets of Plaintiffs in this matter: the "Roxie Nunis Plaintiffs," consisting of Mr. Nunis' wife, ROXIE A. NUNIS, and his children with her, NAOMI NUNIS, ABIGAIL TABITHA NUNIS, and J.C.N. (represented through Guardian *ad Litem* WILLIE MAE KIRKLAND) and the "Kimone Nunis Plaintiffs," consisting of Mr. Nunis' other children, KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS, and LUDECEA NUNIS. This Court has continually ordered Plaintiffs to file consolidated pleadings, motions, and other documents in this matter to avoid duplicative filings and facilitate expeditious resolution of overlapping issues and claims. [*See, e.g.*, Dkt. 45, 83, 105.]

On September 30, 2022, the Kimone Nunis Plaintiffs designated Mr. Roger Clark (of Santee, CA) as their police practices expert, and Dr. Bennet Omalu (of Stockton, CA) as their forensic pathology/cause of death expert. [McLaughlin Decl., ¶3, Exh. B.] On that same day, the Roxie Nunis Plaintiffs designated Mr. William Harmening (of Unionville, TN) as their police practices expert; Dr. Bennet Omalu as their forensic pathology/cause of death expert; and Dr. Michael Baden (of New York, NY) as another forensic pathology/cause of death expert. [*Id*.] Notably, the Roxie Nunis Plaintiffs designated two forensic pathology medical experts, one of which was also designated by the Kimone Nunis Plaintiffs. [*Id*.]

### C.     Expert Depositions Reveal Cumulative & Identical Opinions.

Defendants took Mr. Harmening's deposition in Nashville, Tennessee on November 14, 2022. Defendants took Dr. Omalu's deposition in Sacramento, California on January 6, 2023. Defendants took Mr. Clark's deposition in San Diego, California on January 10, 2023. Pursuant to a stipulation, Defendants took Dr. Baden's deposition via Zoom videoconference on January 13, 2023. [*See* McLaughlin Decl., ¶¶4-7.]

#### i.     Plaintiffs' Duplicative Police Practices Opinions.

At his deposition, Mr. Clark confirmed that the sum of his expert police practices opinions in this case were as follows: (1) CVPD Agent Linney precipitated and provoked an out of control incident by trying to handcuff Oral Nunis inside the house at a time when Linney did not have back up, knew that back up was on the way, and knew that he was dealing with a potentially mentally ill person; (2) that the officers' tackle, prone restraint, use of body weight during prone restraint, and application of the WRAP device and spit hood was unreasonable, and failed to conform to standard to police practices, including leading to the death of the subject; (3) that officers who did not use force unlawfully failed to intervene to prevent the use of excessive force; and (4) that the restraint ultimately caused positional asphyxia, and that the WRAP placement was unnecessary, despite Mr. Clark admitting that the officers believed that Mr. Nunis was dangerous when they applied the WRAP. [McLaughlin Decl., ¶7, Exh. F at 40:14-44:25.]

Mr. Clark also confirmed that all of his opinions were stated on the record. [*Id*. at 45:12-16.]

Similarly, at his deposition, Mr. Harmening confirmed that the sum of his expert police practices opinions in this case were as follows: (1) Agent Linney precipitated the entire spiral of this incident by showing handcuffs to Mr. Nunis and attempting to handcuff Mr. Nunis upon first contact, before even identifying himself, in a situation that Mr. Harmening believes led to an irreversible spiral that de-escalation could never cure; in part, because Nunis was mentally ill; (2) Mr. Harmening refused to express any opinion about the propriety of Agent Linney's actions once Nunis fled the scene; however, as part of what Mr. Harmening calls his second opinion, he opines that it was inappropriate for the officers to try to "pin" Nunis to the ground during their efforts to handcuff him; (3) the application of the WRAP delayed medical treatment for about four minutes, at a time when the subject was not resisting and was thus unreasonable; and (4) the spit mask was inappropriately "dehumanizing" potentially leading to claustrophobia and hyperventilation, which could have had a role in his death. [McLaughlin Decl., ¶6, Exh. E at 80:8-83:16.] Mr. Harmening also confirmed that all of his opinions were stated on the record. [*Id*. at 83:18-24.]

In other words, while these experts may differ on their interpretation or recall of some facts to support their opinions, Mr. Harmening's and Mr. Clark's police practices *opinions* are substantially identical; and thus, such are cumulative.

            *ii.*    *Plaintiffs' Duplicative Forensic Medical Opinions.*

At his deposition, Dr. Baden confirmed that the sum of his expert forensic pathology medicine opinions in this case were as follows: (1) the cause of death for decedent Oral Nunis was positional asphyxia, as a result of officer restraint in the prone position, and through use of the WRAP device and spit hood; (2) the manner of death for the decedent should have been classified as a homicide; (3) the decedent suffered conscious pain, both physical and mental, before losing consciousness during the incident; and (4) the condition known as "excited delirium" is junk science that, though

widely accepted by peer reviewed medical literature in the emergency room community, is inaccurate and has led to inaccurate determinations of the cause of death, particularly in police encounters. [McLaughlin Decl., ¶4, Exh. C at 37:24-38:25, 40:5-23.] Dr. Baden also confirmed that all of his opinions were stated on the record. [*Id.*]

At his deposition, which was marked by atypical amounts of evasive and non-responsive answers[1], Dr. Omalu confirmed that the sum of his expert forensic pathology medicine opinions in this case were as follows: (1) that the cause of death for Oral Nunis was restraint asphyxia, and mechanical, or positional asphyxia, due to being restrained in the prone position, while in a WRAP device and the spit hood – which he supported by referencing his sub-opinion that the decedent experienced a myocardial infarction and had gastric contents in his lungs, both of a nature that could only be associated with restraint asphyxia; (2) that the manner of death for the decedent was homicide; and (3) that the decedent suffered conscious pain during his interaction with the police. [McLaughlin Decl., ¶5, Exh. D at 53:8-54:11.] Dr. Omalu also confirmed that all of his opinions were stated on the record. [*Id.*]

In other words, while these experts may differ on their interpretation or recall of some facts to support their opinions, and while Dr. Omalu's deposition testimony was so egregiously evasive as to warrant Rule 37 exclusion of the entirety of his opinions, Dr. Baden's and Dr. Omalu's medical/forensic pathology *opinions* are substantially identical; and thus, such are cumulative.

NOTICE OF LODGING: Please note that, although such are lengthy, Defendants are lodging with the Court the *entirety* of these experts' depositions and Rule 26 reports:

---

[1] Defendants also note that, by refusing to answer several baseline, general medical fact questions at his deposition, and other evasions and non-responses, under Rule 37, Dr. Omalu's opinions and entire expert testimony should be stricken: as, in essence, Dr. Omalu refused to submit to cross-examination or a meaningful deposition before the Court-set deadline. *See* Fed. R. Civ. P. 37(a)(4); *Cox v. Paul Revere Life Ins. Co.*, 2011 U.S. Dist. LEXIS 61797, at *9-10 (S.D. Cal. June 8, 2011).

so that the Court can see for itself that Defendants have not omitted any relevant details from its foregoing summaries.

### D. Procedural History.

On July 13, 2023, this Court held its Final Pretrial Conference ("FPTC") in this matter. [Dkt. 105.] At the FPTC, the parties discussed various issues, including defendants' objections to plaintiffs presenting duplicative experts whose testimony would be cumulative at trial. As defendants already provided plaintiffs with their objections to certain of Plaintiffs' experts and the grounds thereof, the Court ordered plaintiffs to provide defense counsel with a list of any defense experts plaintiffs intend to dispute at trial by July 31, 2023. [S*ee* Dkt. 105.] The Parties were then to brief the Court on the duplicative expert issue by filing opening briefs on September 11, 2023 and any responses by September 25, 2023. [*Id*.] Thus, this opening brief by defendants follows.

### E. Defendants' Ignored Offer For Mutual Stipulation To Authenticity Of Videos.

At the July 13, 2023 FPTC, defendants proposed that, if plaintiffs would stipulate that the defense-created composite incident video produced in discovery was authentic, and omitted no incident video or audio content, and stipulated to its admission into evidence, defendants would enter a comparable stipulation as to the plaintiffs-created incident video produced in discovery; and thereby avoid the need to consume jury time at trial on the testimony of defendants' forensic video expert, former Sgt. James Borden, or on that of plaintiffs' video expert, Mr. Michael Jones. [McLaughlin Decl., ¶8.] However, as of the date of this brief, plaintiffs have failed to meaningfully respond as to their position on this issue.

### 3. BOTH SETS OF PLAINTIFFS FAILED TO PROVIDE A LIST OF DISPUTED EXPERTS PRIOR TO THE COURT'S DEADLINE AND NOW PLAINTIFFS MAY NOT OBJECT TO DEFENDANTS' EXPERTS.

As an initial matter, in violation of the Court's Order, neither set of plaintiffs provided defendants with a list of disputed experts by the July 31, 2023 Court-ordered

deadline. [Dkt. 105.] Rather, only the Roxie Nunis Plaintiffs' counsel e-mailed defense counsel about expert witness issues and such correspondence was solely in regard to Roxie Nunis Plaintiffs' own experts and support for those experts' testimony at trial. [McLaughlin Decl., ¶2, Exh. A.]

Accordingly, because plaintiffs failed to abide by this Court's order by providing defense counsel a list of disputed experts by July 31, 2023, **plaintiffs may not now object to defendants' experts and any brief filed by plaintiffs regarding such objections should be stricken by the Court**.

## 4. PLAINTIFFS SHOULD NOT BE ALLOWED TO PRESENT DUPLICATIVE EXPERTS IN THIS MATTER.

As indicated by the Roxie Nunis Plaintiffs' July 31, 2023 e-mail correspondence, the Roxie Nunis Plaintiffs plan to call two forensic pathology experts – Dr. Michael Baden *and* Dr. Bennet Omalu – at trial in this matter. Further, the Roxie Nunis Plaintiffs plan to call their own police practices expert, William Harmening, in addition to the Kimone Nunis Plaintiffs' retained police practices expert, Roger Clark.

However, because, as shown above and in the respective experts' depositions, such experts' opinions are cumulative and duplicative, Plaintiffs should be limited to <u>one</u> forensic pathology expert and <u>one</u> police practices expert at trial. Otherwise, such expert testimony is prejudicial and unduly wasteful of time: because the jury will be forced to hear two experts offer identical opinions on identical topics at trial. *See* Fed. R. Evid. 403 (Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence.")

Courts have the authority to exclude cumulative expert testimony. *United States v. Alisal Water Corp.*, 431 F.3d 643, 660 (9th Cir. 2011); *Halbert v. Cty. of San Diego*, 2011 U.S. Dist. LEXIS 166979, at *8-9 (S.D. Cal. June 27, 2011) (excluding one of two psychological damages experts designated by two sets of defendants and citing *Alisal Water Corp.*); *United States ex rel. Jordan v. Northrop Grumman Corp.*, 2003 U.S. Dist.

LEXIS 29055, at *15 (C.D. Cal. Feb. 24, 2003) (excluding trial testimony of expert where such testimony "would be cumulative to and much weaker" than that of another expert); *see also Ruud v. United States*, 256 F.2d 460, 462 (9th Cir. 1958) ("The testimony was purely cumulative. Under the conditions, the trial judge could as a matter of administrative convenience have refused to have further opinions . . . . Such a ruling would have been sustained."); *Menendez v. Terhune*, 422 F.3d 1012, 1033 (9th Cir. 2005) (trial court properly excluded expert testimony because it was cumulative).

### A. Plaintiffs Should Be Limited to One Forensic Pathology Expert at Trial.

Of note, both the Roxie Nunis Plaintiffs and the Kimone Nunis Plaintiffs designated Dr. Bennet Omalu as a forensic pathology expert, while only the Roxie Nunis Plaintiffs designated Dr. Michael Baden as a forensic pathology expert. [McLaughlin Decl., ¶3, Exh. B.] Further, while the Roxie Nunis Plaintiffs attempt to distinguish Dr. Baden as a forensic pathologist and Dr. Omalu as a forensic *neuro*pathologist, Dr. Omalu is board certified in both forensic pathology *and* neuropathology. [*Id.*, Exh. C at 15:19-21, 16:2-5, Exh. D at 20:15-24 (demonstrating that Dr. Baden and Dr. Omalu have the same certifications in forensic pathology).] In fact, at deposition, Dr. Baden testified that Dr. Omalu's retention in this matter was for Plaintiffs "to check to see . . . if my opinion is supported or not supported on one end, but the other end is Dr. Omalu in addition to being a forensic pathologist, forensic neuropathologist and can certainly – knows more about the brain than I do." [Exh. C at 79:15-80:2.] Moreover, distinctions in these experts' qualifications is irrelevant to the question at hand: it is the fact that these experts offer duplicative/cumulative opinions that is unfairly prejudicial to defendants.

Based on Dr. Omalu and Dr. Baden's depositions, which the Roxie Nunis Plaintiffs state these experts' opinions at trial will "echo", in essence, there is an identical set of forensic pathology opinions being offered; or at least a substantial overlap in their opinion testimony. [Exh. A.] Specifically, Dr. Omalu's expected trial testimony encapsulates that of Dr. Baden, and vice versa. Dr. Omalu stated that a fair summary of his opinions

was as follows: (1) "the cause of death of Oral Nunis was restraint asphyxia, mechanical position asphyxia due to officer restraint in the prone position in the WRAP device and in the spit hood"; (2) "the manner of death in this case is homicide"; (3) "that Mr. Nunis suffered conscious pain during his interaction with the police"; (4) that Mr. Nunis suffered blunt force trauma; and (5) Mr. Nunis suffered a type 2 myocardial infarction during the incident. [Exh. D at 53:8-54:11.] Dr. Baden agreed that a fair summary of his opinions were that: (1) "the cause of death for Oral Nunis was positional asphyxia as a result of officer restraint in the prone position in the WRAP device and by use of the spit hood; and (2) the manner of death for this case should have been listed as a homicide." [Exh. C at 37:24-38:10.] Thus, Dr. Baden's opinions are <u>encompassed</u> by Dr. Omalu's opinions. [*Compare* Exh. C *with* Exh. D.]

There is no need for the jury to hear from two experts the same opinion on Mr. Nunis' purported cause of death and manner of death. Such is an undue waste of time in a trial that is already going to involve over a dozen lay witnesses and more than 10 expert witnesses even without duplicative testimony.

Moreover, the prejudice to defendants is significant – while defendants appropriately retained one expert per relevant, difficult, and disputed subject matter in this case, the Roxie Nunis Plaintiffs would be able to present the testimony of two experts on a single subject merely because there are two sets of plaintiffs in this matter. There is no need for two experts in forensic pathology who will present the substantially identical opinions, essentially taking valuable trial time to simply reinforce testimony the jury has already heard.

Just because the eight different plaintiffs in this case could not agree on which lawyer represents them does not mean that the two sets of attorneys representing, respectively, the Kimone Nunis Plaintiffs and the Roxie Nunis Plaintiffs should be able to put on a doubled case against defendants: whereby, on each and every factual issue, plaintiffs get to use brute repetition force, through duplicative witnesses and duplicative exam of the same witnesses, hypnotize the jury with cumulative testimony. This severely

disadvantages and unfairly prejudices the Defendants as surely as a boxing match with two heavyweight boxers against one heavyweight boxer in the same ring and the round would be unfair. Indeed, such duplicative and cumulative presentation on the plaintiffs' side is so egregious in this case as to raise questions of fairness under our precepts of due process. *See Halbert*, 2011 U.S. Dist. LEXIS 166979, at *8-9 (granting motion to exclude one of two psychological damage experts based on determination that the two experts' opinions were cumulative); *Ruud*, 256 F.2d at 462 (9th Cir. 1958).

For these reasons, plaintiffs should be limited to one forensic pathology expert at trial in this matter – either Dr. Baden or Dr. Omalu, but not both.

**B.    Plaintiffs Should Be Limited to One Police Practices Expert at Trial.**

The Roxie Nunis Plaintiffs designated William Harmening as their police practices expert and the Kimone Nunis Plaintiffs designated Roger Clark as theirs. Mr. Harmening and Mr. Clark's respective deposition testimony showcase that their opinions to be offered at trial in this matter are identical. Both Mr. Harmening and Mr. Clark found (1) Defendant Evan Linney's handcuffing of Mr. Nunis to be improper; (2) that the defendant officers used improper restraint on Mr. Nunis; and (3) the use of the WRAP device to also be improper. [McLaughlin Decl., ¶¶6-7, Exh. E at 80:19-83:16, Exh. F at 43:10-44:25.] Mr. Harmening and Mr. Clark also testified as to substantially similar opinions on general police practice standards and the underlying facts of this matter. [*Compare* Exh. E *with* Exh. F.]

The Roxie Nunis Plaintiffs' unsupported and conclusory statement that they will be "mindful of offering objectionably cumulative testimony in trial" is not only insufficient: their failure to acknowledge that these experts are completely redundant underscores that it is plaintiffs' apparent intention to take two bites at each every fact-issue-apple in this case through the deliberate presentation of knowingly and obviously cumulative witnesses/testimony. While each set of plaintiffs in this matter may have had the option to retain their own police practices expert, this does not mean that this Court is required to allow two police practices experts with the same opinions to be heard at

trial. In fact, as explained above, Courts have excluded cumulative expert testimony as an undue waste of time, judicial resources, and prejudicial to defendants. This Court should limit Plaintiffs to one police practices expert at trial accordingly.

### C. Plaintiffs' History Of Plaintiffs' Side Discord & Disagreements On Legal Strategy Should Not Be Allowed To Unfairly Prejudice Defendants.

As noted above, the eight plaintiffs in this case have retained two separate attorneys/law firms who disagree on significant legal strategy in this case. One wanted to be in federal court; one wanted to be in state court. [*See* Dkt. 8, 12.] They each alleged different legal claims that prompted this Court to force them to file a consolidated Complaint. [*See* Dkt. 45.] The plaintiffs' side approach throughout the litigation has then been so divergent that the Court ordered them to file a consolidated opposition to MSJ. [*See* Dkt. 83.] When expert disclosures were due, rather than consolidate their approach and jointly retain similar experts, plaintiffs retained multiple different experts on the same topic; who then offered duplicative opinions. This two-against-one approach by plaintiffs' side is inherently unfair to defendants: and, as it has done before, the Court should put a stop to it – and bar plaintiffs from taking two bites of the same apple.

Notably, in this case, on plaintiffs' side, there has been a habit of failing to comply with the Court's Orders. For example, when the Court's Order compelled an in-person attendance at the Final Pre-Trial Conference in this matter ("FPTC") [*see* Dkt. 91], the Roxie Nunis Plaintiffs failed to appear at the FPTC *at all*: until the Court clerk chased their attorney down and forced a telephonic appearance. Similarly, despite plaintiffs' counsel (erroneously) alleging at the FPTC that some the defendants' experts were duplicative/objectionable, and despite the Court's Order to serve any objections by aforementioned deadline [Dkt. 105], neither set of plaintiffs complied with that order. [McLaughlin Decl., ¶2.] Moreover, despite prior representations to the Court that plaintiffs would set a private mediation, plaintiffs failed to do so: forcing the Court to set a mandatory settlement conference with the Court instead. [*See* Dkt. 110.]

This failure to comply with the honorable Court's Orders cannot be allowed to continue. As such, as a sanction for additional failure to comply, if the plaintiffs do not comply with a Court Order for single-witness expert designation on police practices and forensic pathology, the Court should Order that all of the plaintiffs' associated subject matter experts shall be stricken and excluded from evidence. S.D. Cal. Civil Rule 83.1 ("Failure of counsel, or of any party, to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court . . . "); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-965 (9th Cir. 2004).

## 5.  CONCLUSION.

For the foregoing reasons, this Court should Order that Plaintiffs are limited to one forensic pathology expert and one police practices expert at trial. Specifically, this Court should order that, barring other evidentiary exclusions, by no later than 14 days after the hearing date on this issue, all plaintiffs shall: (a) jointly designate a single police practices expert from among the two previously designated by any of the plaintiffs in this case (Mr. Clark or Mr. Harmening), and withdraw the other police practices expert; and (b) jointly designate a single forensic pathology expert from among the two previously designated by any of the plaintiffs in this case (Dr. Omalu or Dr. Baden), and withdraw the other police practices expert.

Alternatively, if plaintiffs fail to timely comply, the Court should order that *both* of plaintiffs' police practices experts and both of their forensic pathology experts are excluded from evidence at trial.

DATED:  September 11, 2023     LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Abigail J.R. McLaughlin*
     TONY M. SAIN
     TORI L. N. BAKKEN
     ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
CITY OF CHULA VISTA, EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, JORDAN SALVADOR, and KENNETH HICKS

# FEDERAL COURT PROOF OF SERVICE
Estate of Oral W. Nunis, Sr., et al. v. City of Chula Vista
Case No. 21-cv-1627-AJB-DEB

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 11, 2023, I served the following document(s): DEFENDANTS' OPENING BRIEF REGARDING OBJECTIONS TO PLAINTIFFS' EXPERTS AND EXCLUSION OF CERTAIN PLAINTIFFS' EXPERTS DUE TO DUPLICATIVE TESTIMONY

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 11, 2023, at Los Angeles, California.

/s/ Corinne Taylor
Corinne Taylor

# SERVICE LIST
### Estate of Oral W. Nunis, Sr., et al. v. City of Chula Vista
### Case No. 21-cv-1627-AJB-DEB
### LBBS: 51508-02

| | |
|---|---|
| Carl E. Douglas, Esq.<br>Aja Mann, Esq.<br>Cameron Stewart. Esq.<br>Kristen Devezin<br>Christopher Bordenave<br>Jamon Hicks<br>DOUGLAS / HICKS LAW<br>5120 W. Goldleaf Circle<br>Suite 140<br>Los Angeles, California 90056-1661<br>Tel: (323) 655-6506<br>Fax: (323) 927-1941<br>carl@douglashickslaw.com<br>kristen@douglashickslaw.com<br>aja@douglashickslaw.com<br>cameron@douglashickslaw.com<br>Chris@douglashickslaw.com<br>Jamon@douglashickslaw.com | **Attorneys for Plaintiffs:**<br>ESTATE OF ORAL W. NUNIS, SR., by and through, ROXIE A. NUNIS, Individually, and as Successor In Interest to the ESTATE, and NAOMI NUNIS, Individually, ABIGAIL TABITHA NUNIS, Individually, and WILLIE MAE KIRKLAND as Guardian *ad Litem* for and J.C.N. |
| John L. Burris, Esq.<br>DeWitt M. Lacy, Esq.<br>Julia N. Quesada, Esq.<br>Lena Andrews, Esq.<br>THE LAW OFFICES OF JOHN L. BURRIS<br>9701 Wilshire Boulevard, Suite 1000<br>Beverly Hills, CA 90210<br>Telephone: (310) 601-7070<br>Facsimile: (510) 839-3882<br>john.burris@johnburrislaw.com<br>dewitt.lacy@johnburrislaw.com<br>julia.quesada@johnburrislaw.com<br>lena.andrews@johnburrislaw.com<br>Xiomara Serrano - Assistant<br>laoffice@johnburrislaw.com | **Attorneys for Plaintiffs:**<br>KIMONE NUNIS, individually and as Successor-in-Interest to Decedent Oral Nunis; ORAL W. NUNIS, as Successor-in-Interest to Decedent Oral Nunis; ANDRE NUNIS, as Successor-in-Interest to Decedent, Oral Nunis, and LUDECEA NUNIS, as Successor-in-Interest to Decedent Oral Nunis |

| | |
|---|---|
| Glen Googins, City Attorney<br>Karen Rogan, Assistant City Attorney<br>OFFICE OF THE CITY ATTORNEY, CHULA VISTA<br>276 4th Avenue<br>Chula Vista, CA 91910<br>Telephone: (619) 409-5816<br>Facsimile: (619) 476-5305<br>GGoogins@chulavistaca.gov<br>KRogan@chulavistaca.gov | **Attorneys for Defendant:**<br>**CITY OF CHULA VISTA, BRIAN OLSON, DAVID RIVERS, EVAN LINNEY, MANUEL PADILLA, JORDAN SALVADOR, and KENNETH HICKS** |