Case 3:21-cv-01627-AJB-DEB   Document 114   Filed 09/11/23   PageID.5467   Page 1 of 13

**CARL E. DOUGLAS, ESQ. (SBN: 097011)**
JAMON R. HICKS, ESQ. (SBN: 232747)
***DOUGLAS / HICKS LAW, APC***
5120 W. Goldleaf Circle, Suite 140
Los Angeles, California 90056
Phone: (323) 655-6505
Fax: (323) 927-1941
Carl@DouglasHicksLaw.Com
Jamon@DouglasHicksLaw.Com

DOMINIQUE N. WESTMORELAND, ESQ. (SBN 302606)
         E-mail: dwestmoreland@wml-law.com
**THE WESTMORELAND LAW FIRM, P.C.**
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, California 90274
Telephone No.: (424) 285-5362
Facsimile No.:   (424) 285-5825

Attorneys for Plaintiffs,
ESTATE OF ORAL W. NUNIS, SR., by and through ROXIE A. NUNIS,
individually and Successor-in-Interest to the ESTATE and
NAOMI NUNIS, individually, and WILLIE MAE KIRKLAND,
as guardian ad litem for  ABIGAIL TABITHA NUNIS and J.C.N.

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF ORAL W. NUNIS, SR., by and through ROXIE A. NUNIS, individually and as successor-in-interest to the ESTATE, NAOMI NUNIS, individually, and WILLIE MAE KIRKLAND, guardian ad litem for ABIGAIL TABITHA NUNIS and J.C.N., <br><br>          Plaintiffs, <br>vs. <br><br> CITY OF CHULA VISTA, and DOES 1 through 40, inclusive <br><br>          Defendants. | **Case No.: 21-cv-1627-AJB-deb** <br>*[Hon. Judge Anthony J. Battaglia, Courtroom A]* <br><br> **PLAINTIFF'S OPENING BRIEF RE EXPERT DUPLICATION** <br><br><br> Trial date: April 16, 2024 |

- 1 -

PLAINTIFF'S OPENING BRIEF RE EXPERT DUPLICATION

Plaintiffs, ESTATE OF ORAL W. NUNIS, SR., by and through ROXIE A. NUNIS, individually and Successor-in-Interest to the ESTATE and NAOMI NUNIS and ABIGAIL TABITHA NUNIS individually, and WILLIE MAE KIRKLAND, as guardian ad litem for and J.C.N. (collectively, "Plaintiffs") by and through their attorneys submit their Opening Brief re Expert Duplication, as follows:

## I. INTRODUCTION

Plaintiffs are entitled to designate and call their own expert witnesses for trial. FRCP 702, 703, 705. The purpose is to allow attorneys to prepare intelligently for trial by soliciting the views of experts. *Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc.* (Fed.Cir. 2013) 725 F3d 1377, 1381. Needless to argue, this instant case hinges upon expert testimony because ORAL W. NUNIS's ("NUNIS") cause of death is at issue. In short, Plaintiffs contend that police defendants for Defendant CITY OF CHULA ("Defendant") caused Mr. NUNIS's death by using **unnecessary and excessive force**; whereas, Defendant contends that NUNIS suffered a "sudden cardiopulmonary arrest while restrained in police custody."[1] Accordingly, Plaintiffs designated experts will assist the jury in determining this central issue, the cause of Mr. NUNIS' untimely death.

Plaintiffs timely designated their experts. Plaintiffs designated Dr. Bennet Omalu, Dr. Michael Baden, William Harmening, and Dr. Alon Steinberg. Co-Plaintiffs, KIMONE NUNIS, ANDRE NUNIS, LUDECEA NUNIS and ORAL NUNIS, designated Dr. Bennet Omalu, Roger Clark. Defendant designated eight (8) experts.[2] Defendant objected to Dr. Omalu and Dr. Baden because their opinions are purportedly "largely redundant". ECF 100, p.17. Similarly, Defendant objected to Mr. Harmening and Mr. Clark on the same basis. *Id.* In objecting to the aforementioned experts, Defendant failed to proffer any

---

[1] Based on Dr. Robert Stabley, San Diego County Medical Examiner's autopsy report as the cause of death.

[2] James Borden (forensic video expert), Dr. Theodore Chan (asphyxia-related medical studies), Dr. Michael Chaikin (cardiology expert), Dr. Marc Cohen (psychology expert), Rod Englert (forensic reconstruction/civil detective expert), Robert Fonzi (police practices expert), Dr. Michael Graham (forensic pathology expert), and Dr. Swathi Kode (biomechanics expert).

substantive basis under FRCP 702 to exclude Plaintiffs and Co-Plaintiffs' experts, including based on "duplication". Thus, Defendants' mere conclusory contention that the opinions are largely redundant is **legally insufficient** to exclude Plaintiffs' experts. FRCP 702.

In any event, the experts designated by Plaintiffs are not duplicative of any other designated for the reasons stated below. Further, Plaintiffs will be unduly prejudiced if the Court excludes their experts from testifying at trial because the proposed testimony will not be cumulative of any other expert's anticipated testimony at trial.

## II. <u>LEGAL STANDARD</u>

A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical or other specialized knowledge will help trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.  FRCP 702.[3] Trial courts must be cautious in excluding expert testimony. *Sargon Enterprises, Inc. v. University of Southern Cal.* (2012) 55 C4th 747, 722. In *Sargon,* the California Supreme Court found that:

> "The court must simply determine whether the matter relied on can provide a reasonable basis for the opinion or whether that opinion is based on a leap of logic or conjecture…[The court] conducts a 'circumscribed inquiry' to 'determine whether, as a matter of logic, the studies and the information cited by experts adequately support the conclusion that the expert's general theory or technique is valid'. [citation omitted]. **<u>The goal of trial court</u>**

---

[3] Rule 702 was amended in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579, as well as, recognized in *Kumho Tire Co. v. Carmichael* (1999) 119 S.Ct. 1167. According to the Advisory Committee, the amendment to Rule 702 serves to clarify and emphasize two issues: (1) that the proponent of an expert opinion must demonstrate the proffered testimony meets the Rule's admissibility requirements by the preponderance of the evidence and that the expert's testimony must remain within the bounds of what can be concluded from the reliable application of the expert's methodology. ***However, the amendment has become law yet; it will become law on December 1, 2023.***

**gatekeeping is simply to exclude 'clearly invalid and unreliable' expert opinion**."

See, Id, p. 722 [emphasis added.].

Moreover, proponents do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable; the evidentiary requirement of reliability is lower than the merits standard of correctness. FCRP 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (9th Cir. 1995) 43 F3d 1311, 1318; *Ruiz-Troche v. Pepsi Cola* (1st Cir. 1998) 161 F3d 77, 86—***Daubert neither requires nor empowers trial courts to determine whether several competing scientific theories has the best provenance***. [Emphasis added.]. Accordingly, expert testimony is liberally admitted under the Federal Rules. *U.S. v. Pritchard* (C.D. 2014) 993 F.Supp.1203, 1207, citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 113 S.Ct. 2786 (noting that Rule 702 is part of the "liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony"); see also, Fed.R.Evid. 702 Advisory Committee Notes to 200 Amendments ("[R]ejection of expert testimony is the exception rather than the rule.").

### III.     ARGUMENT

#### A.     DR. OMALU AND DR. BADEN'S OPINIONS ARE NOT DUPLICATIVE

In a conclusory fashion, Defendant contends that Dr. Omalu and Dr. Baden's opinions are "largely redundant". ECF 100, p. 17. Also, Defendant points out that Dr. Omalu and Dr. Baden live in different states. *Id.* It is worth noting that Defendant does not provide any evidence that Dr. Omalu and Dr. Baden's opinions are redundant, neither does Defendants provide any explanation for pointing out that the experts live in different states. Accordingly, Defendants' objections are not based on any substantive arguments as set forth in the Final Pretrial Conference Order. FRCP 702.

Even though Defendant failed to provide a substantive basis to support its objection on the grounds of "redundancy," Dr. Omalu and Dr. Baden's opinions are nuanced.  Dr. Omalu will provide an opinion as to the following:

- NUNIS' cause of death (NUNIS did not die as a result of cardiac or cardiopulmonary arrest;

- NUNIS died as a result of restraint asphyxia—mechanical-positional asphyxiation, blunt force trauma and placement of obstructive material over face and/or smothering;

- NUNIS's death should have been classified as a "homicide";

- That NUNIS experienced conscious pain and suffering which contributed to his death.

Dr. Baden will provide an opinion, as follows:

- NUNIS was suffering a mental health crisis requiring medical attention when law enforcement was summoned to the scene;

- NUNIS's breathing as impaired when pressure was placed on his prone back while he was being handcuffed;

- That the WRAP over his body and spit sock over his head impaired NUNIS's ability to breath and for law enforcement to monitor his vitals;

- That NUNIS did not have a pulse and not breathing when the spit sock was removed;

- NUNIS's cause of death was due to positional asphyxia by prone back pressure, body wrapping and placement of a spit sock over his head during physical restraint by law enforcement; and

- That NUNIS' death should have been classified as a "homicide".

Both Dr. Omalu and Dr. Baden prepared reports that have been disclosed to all parties pursuant to FRCP 26(a)(2)(A). The reports, respectively, demonstrates that Dr. Omalu and Dr. Baden's opinion and expected testimony is satisfy the requirements set forth in FRCP 702.

### 1. DR. OMALU'S TESTIMONY WILL PROVIDE A FORESINCE ANALYSIS ABOUT NUNIS'S BRAIN FUNCTION AND CONSCIOUSNESS DURING THE REST THAT LED TO HIS DEATH CONTROVERTING THE AUTOPSY REPORT

Dr. Omalu is Board Certified in Forensic, Anatomic, Clinical Pathology. He is a Board Certified in Neuropathologist and Medical Management. He is also an epidemiologist. His area of interest and focus includes brain patho-physiology, brain injuries, brain trauma in both living and deceased patients. Dr. Omalu used recognized tests within the scientific community to examine and reach his scientific opinions, which are available to all experts.  He focused his examination of NUNIS's brain tissues to support many of his forensic opinions. Dr. Omalu was also designated by the Co-Plaintiffs in the companion case, as their only forensic pathology expert.

In the autopsy report, the medical examiner, Robert Stabley, found that the cause of death was attributed to "sudden cardiopulmonary arrest while restrained in police custody" and the mode of death was "undetermined". Dr. Omalu's opinions will dispute Dr. Stabley's findings. Specifically, through his examination of NUNIS's brain functions during his encounter with law enforcement, Dr. Omalu will opine that NUNIS progressively lost consciousness following multimodal restraint asphyxiation, which began when the Defendant's police officers tackled him to the ground and compressed his body on the roadway with their arms and legs and full weight of their bodies on his 5'4' frame for 5-10 minutes while he laid prone on the ground with his hands and wrists handcuffed behind his back. Dr. Omalu's opinion suggests the restraint mechanical positional asphyxiation was sustained and progressed to an asphyxiating body wrap and smothering of NUNIS's body, which eventually resulted in loss of consciousness and death following the sustenance of acute asphyxia brain injury, known as hypoxic-ischemic brain injury. As a result of losing consciousness, NUNIS was comatose, and died minutes later.

**PLAINTIFF'S OPENING BRIEF RE EXPERT DUPLICATION**

In addition to providing an analysis about NUNIS's brain function and psychology pathology, Dr. Omalu's opinion will serve in clear contrast to Defendants' designated experts, including Dr. Marc Cohen, Dr. Michael Graham and Dr. Michael Chaikin. According to Defendants' designation, Dr. Cohen will testify as to issues regarding decedent's psychiatric condition and its potential physical health impacts, including cause of death. ECF 100, p.18. Dr. Graham will testify regarding forensic pathology and related medical issues and causation of death. *Id.* Lastly, Dr. Chaikin will testify regarding causation of death for decedent and particularly cardiology-related medical matters. *Id.*

Plaintiffs' designation of Dr. Omalu is necessary and relevant, as well as, satisfies the requirements set forth under FRCP 702.

## 2. DR. BADEN'S TESTIMONY WILL PROVIDE A FORSENIC ANALYSIS THAT NUNIS'S INJURIES ARE CONSISTENT WITH THE TRAUMATIC EVENTS OCCURING AT THE SCENE OF THE INCIDENT

Dr. Baden is a forensic pathologist. Over his 55 years in practicing medicine, Dr. Baden has performed over 20,000 in-person autopsies, including autopsies involving asphyxia as a cause of death. He is one of the most renowned and respected forensic pathologists in the world. He was designated only by the Plaintiffs, not Co-Plaintiffs. His testimony differs from Dr. Omalu.

Dr. Baden will testify to the manner in which the totality of the events during NUNIS's encounter with the Defendant police officers led to his death. His testimony will not focus at all on any analysis of NUNIS's brain tissue. Instead, he will testify concerning the Defendant police officers placement of force against NUNIS's body during their efforts to handcuff him, and how that positioning led to his death. He will focus on the impact that NUNIS's placement in a WRAP over his body, and having a spit sock placed over his head had NUNIS's untimely death. Dr. Baden will further testify concerning the reasons behind his believe that the Defendants' experts' theory of cause of death is inconsistent with the facts, as well as his opinions.

Dr. Baden's testimony will serve to provide an alternative opinion as Defendants' expert's cause of death based on a cardiac arrest. Dr. Baden will offer opinions disputing

**PLAINTIFF'S OPENING BRIEF RE EXPERT DUPLICATION**

opinions being offered by Dr. Theodore Chan, Dr. Swathi Kode, as well as, Dr. Graham and Dr. Chaikin. Dr. Chan was designated to provide an opinion regarding NUNIS's cause of death and as to asphyxia, its potential role in causing NUNIS's death by restraint and restraint related medical studies, and Dr. Kode will provide a biomechanical analysis of the restraint and force used during the incident on Mr. NUNIS, including human motion analysis and related implications for incident forensic reconstruction. ECF 100, p.18.

Plaintiffs' anticipated testimony of both Dr. Baden and Dr. Omalu are necessary and relevant, as well as, satisfies the requirements set forth under FRCP 702.

### B. MR. CLARK AND MR. HARMENING'S OPINIONS ARE NOT DUPLICATIVE

Similarly, without any merit, Defendant contends that the designation of Roger Clark and William Harmening are "redundant". ECF 100, p.17. Also, Defendant points out that Dr. Clark and Dr. Harmening live in different states. *Id.* In short, Defendants' objections are not substantive in nature and lack merit. It is worth noting that the undersigned Plaintiffs designated Mr. Harmening and the Co-Plaintiffs designated Mr. Clark.

Mr. Harmening is the undersigned's preferred police expert. He brings 37 years of experience to this case was. He is an adjunct professor of forensic psychology and criminology at Washington University in St. Louis, where he served as co-director of the undergraduate forensic psychology certificate program. He is a former police academy instructor and coordinator, and a recognized expert in a number of different areas of law enforcement. Since November 2014, he has been providing expert witness services in the areas of police practices and use of force. He has provided opinions in approximately 250 cases in 40 states. Defendants have designated James Borden, Rod Englert, Robert Fonzi, and Donte Kendricks. There has been some suggestion of the Defendants' plan to eliminate one or more of their experts.

### 1. THERE IS NO EVIDENCE TO DEMONSTRATE THAT MR. HARMENING AND MR. CLARK'S TESTIMONY WILL BE REDUNDANT

Defendants erroneously contend that Mr. Harmening and Mr. Clark's testimony will be redundant. While it is expected that Mr. Clark will generally testify regarding the police practices of the CITY of CHULA VISTA Police Department, however, Mr. Harmening's testimony will emphasize specific actions (or lack thereof) by certain police Defendants in initial their interaction with NUNIS. Notably, Mr. Harmening will testify about his opinions regarding:

- Defendant LINNEY's violating P.O.S.T. guidelines concerning interacting with citizens who were in the midst of some emotional challenges. Before even taking the time to introduce himself to a man clearly in crises, Defendant LINNEY attempted to handcuff Mr NUNIS, failing to anticipate his expected refusal. That single act set into foreseeable motion the tragedy that soon occurred.

- Defendant LINNEY's decision to engage Mr. NUNIS rather than waiting for back-up to arrive, and the impact that choice had on what occurred.

- Defendant LINNEY, PADILLA, and OLSON's tactics and decisions concerning their efforts to detain Mr. NUNIS, including their wrongful collective decision to deploy the WRAP device on Mr. NUNIS, though Mr. NUNIS was not then presenting a violent threat to anyone, justifying the use of the WRAP;

- Whether the use of the WRAP was consistent with CITY of CHULA VISTA Police Department policy and whether it was appropriate under the circumstances of the call.

In fact, Mr. Harmening prepared a report outlining his opinions that have been disclosed to all parties pursuant to FRCP 26(a)(2)(A). Undersigned Plaintiffs are unaware of expressly what Mr. Clark will opine about these specific issues. Great deference should

**PLAINTIFF'S OPENING BRIEF RE EXPERT DUPLICATION**

be afforded each parties' preference to use the experts that have been designated in the manner they prefer.

Further, Mr. Harmening will provide direct testimony opining about the opinions of Defendants' experts. Specifically, Mr. Harmening is expected to provide testimony addressing the (1) video analysis of the police performance (Mr. Borden), (2) forensic analysis and reconstruction of incident (Mr. Englert), (3) police practices and policies applicable to the incident (Mr. Fonzi), and (4) analysis of the restraint and force used upon NUNIS (Dr. Kode), should those experts actually testify in trial.

Plaintiffs' designation of Mr. Harmening is necessary and relevant, as well as, satisfies the requirements set forth under FRCP 702.

### C. PLAINTIFFS WILL BE PREJUDICED IF THEIR EXPERTS ARE EXCLUDED

Plaintiffs will suffer prejudice if their designated experts are excluded. *United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi* (5th Cir. 1996) 80 F3d 1074. As discussed above, Plaintiffs designated experts will provide specific opinions and testimony to assist the jury in understanding the facts of this case, including NUNIS' cause of death and damages. FRCP 702. As set forth in their reports, the testimony will be reliable.

The Defendants should not be able to dictate whom a particular party chooses to present that party's theory of liability. For Defendant to broadly suggest that Mr. Harmening and Mr. Clark's testimony will be "redundant" is speculative at best in as much as there is no basis to make such a far-reaching, meritless objections. The parties will be guided by the time limitations the Court has imposed to present the Plaintiffs' case. How the Plaintiffs choose to present their case should not be influenced by the opposing party's preferences on how the case is best prosecuted.

Defendants' objections based on "redundancy" and "residing in different states" are not substantive, nor are a basis for exclusion under FRCP 702. *Heller v. Shaw Industries, Inc.* (3d Cir. 1999) 167 F3d. 146 (expert testimony cannot be excluded simply because the expert uses one test rather than another, when both tests are accepted in the field and both reach reliable results.). *Kumho Tire Co. v. Carmichael* (1999) 119 S.Ct.

1167, 1176. Further, there is no substantive basis to support involuntarily forcing a party to use another party's retained expert. If Plaintiffs are forced to use another party's expert, Plaintiffs will be prejudiced because Plaintiffs will not be able to prepare and present their case for trial in the best interests of their client.

## IV. CONCLUSION

Based on above, Plaintiffs should be able to call their designated experts Dr. Omalu, Dr. Baden and Mr. Harmening at trial because their testimony is not duplicative.

Dated: September 11, 2023           THE WESTMORELAND LAW FIRM, P.C.

/s/ Dominique N. Westmoreland
By: _____
Dominique N. Westmoreland
Attorneys for Plaintiffs,
ESTATE OF ORAL W. NUNIS, SR., by
and through ROXIE A. NUNIS,
individually and Successor-in-Interest to
the ESTATE and NAOMI NUNIS,
individually, and WILLIE MAE KIRKLAND,
as guardian ad litem for ABIGAIL
TABITHA NUNIS and J.C.N.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 609 Deep Valley Drive, Suite 200, Rolling Hills Estates, CA 90274. On the date specified herein below, I served the foregoing document, described herein, on all interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached service list:

**Date of Service:**  September 11, 2023

**Document Served:**  **PLAINTIFF'S OPENING BRIEF RE EXPERT DUPLICATION**

[ ]    **BY MAIL:** I familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Section 1013(a) of California Code of Civil Procedure.

[ X ]    **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version (or equivalent) version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ ]    **VIA FACSIMILE:** I faxed said document, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error pursuant to Section 1013(e) of California Code of Civil Procedure.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 11, 2023, at Rolling Hills Estates, California.

                                            /s/ Dominique N. Westmoreland

                                            _____
                                            Dominique N. Westmoreland

# SERVICE LIST

**CASE NAME:** Estate of Oral W. Nunis Sr., et al. vs. City of Chula Vista, et al.
**CASE NO.:** 3:21-CV-1627-AJB-DEB

Tony M. Sain, Esq. Tori Bakken, Esq. LEWIS BRISBOIS BISGAARD & SMITH LLP 633 West 5th Street, Suite 4000 Los Angeles, California 90071 Telephone: 213.250.1800 Facsimile: 213.250.7900 E-Mail:Tony.Sain@lewisbrisbois.com Tori.Bakken@lewisbrisbois.com Abigail.McLaughlin@lewisbrisbois.com Christina.Medina@lewisbrisbois.com Attorneys for Defendants, City Of Chula Vista, Brian Olson, David Rivers, Evan Linney, Manuel Padilla, Jordan Salvador, and Kenneth Hicks

Glen Googins, City Attorney Karen Rogan, Deputy City Attorney OFFICE OF THE CITY ATTORNEY, CHULA VISTA 276 4th Avenue Chula Vista, CA 91910 Telephone: (619) 409-5816 Facsimile: (619) 476-5305 E-mail: KRogan@chulavistaca.gov
Attorneys for Defendants, City Of Chula Vista, Brian Olson, David Rivers, Evan Linney, Manuel Padilla, Jordan Salvador, and Kenneth Hicks

John L. Burris DeWitt M. Lacy Julia N. Quesada Lena Andrews THE LAW OFFICES OF JOHN L. BURRIS 9701 Wilshire Blvd., Suite 1000 Beverly Hills, California 90212 Tel: (310) 601-7070 Fax: (510) 839-3882 Email: john.burris@johnburrislaw.com Email: dewitt@bncllaw.com Email: julia.quesada@bncllaw.com Email: lena.andrews@bncllaw.com xiomara@bncllaw.com0. Attorneys for Plaintiffs, KIMONE NUNIS, individually and as Successor-in-Interest to Decedent Oral Nunis; ORAL W. NUNIS, as Successor-in- Interest to Decedent Oral Nunis; ANDRE NUNIS, as Successor-in-Interest to Decedent Oral Nunis, and LUDECEA NUNIS, as Successorin-Interest to Decedent Oral Nunis