UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ORAL W. NUNIS, SR. by and through, ROXIE A. NUNIS, individually, and as Administratrix of the ESTATE, and NAOMI UNIS, Individually, ABIGAIL TABITHA NUNIS, Individually, and WILLIE MAE KIRKLAND as Guardian ad Litem for J.C.N., KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS and LUDECEA NUNIS, as Successors-in-Interest to Decedent ORAL W. NUNIS, SR., <br><br>                                    Plaintiffs, <br><br>vs. <br><br>CITY OF CHULA VISTA; DAVID ARCE, BRIAN OLSEN, DAVID KREMER, EVAN LINNEY, DAVID RIVERS, MANUAL PADILLA, JORDAN SALVADOR, KENNETH HICKS and DOES 1-90, Inclusive, <br><br>                                    Defendants | Case No.:  21-cv-01627-AJB-DEB <br><br>**ORDER FOLLOWING OCTOBER 5, 2023 HEARING RE EXPERT DUPLICATION ISSUES** <br><br>**(Doc. No. 113)** |

1

## I. MOTION TO EXCLUDE EXPERTS DUE TO DUPLICATIVE TESTIMONY

For the reasons stated on the record at the October 5, 2023 motion hearing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to exclude as duplicative Plaintiffs' police practices experts: Roger Clark ("Clark") and William Harmening ("Harmening"); and medical experts: Dr. Bennet Omalu ("Omalu") and Dr. Michael Baden ("Baden"). (Doc. No. 113.)

Accordingly, the Court permits these experts to testify at trial, but **LIMITS** their testimony to certain categorical topics to avoid cumulative evidence as outlined below.

As to Plaintiffs' police practices experts:

- Harmening may testify only with respect to circumstances relating to the police officers' receiving the 911 dispatch call, initial interactions with Oral W. Nunis, Sr. ("Nunis"), lack of de-escalation, issues of exited delirium, and the impact of the "WRAP".
- Clark may testify only with respect to circumstances relating to the police officers' take-down of Nunis and their application of physical restraints and compression against Nunis.

As to Plaintiffs' medical experts:

- Baden may testify only with respect to circumstances relating to the physical impacts on Nunis' person and his opinion that they led to oxygen deprivation and caused Nunis' death.
- Omalu may testify only with respect to circumstances relating to the objective clinical evidence that Nunis suffered acute asphyxia brain injury/hypoxic-ischemic brain injury.

These experts are not precluded from testifying that they have reviewed all aspects of the case and have been designated to testify on certain issues to avoid duplicative testimony. Defendants may not examine these experts on topics about which they do not testify. All appropriate objections to the described testimony are deferred to trial.

## II. ADDITIONAL PRE-TRIAL ISSUES AND DEADLINES

In addition to the above, the Court discussed at the hearing additional pre-trial issues, including their joint submission of proposed jury instructions, statement of the case to be read to the jury, jury questionnaires, and the upcoming mandatory settlement conference with Magistrate Judge Daniel E. Butcher. Pursuant to those discussions, the Court memorializes and sets herein the following orders.

As to the November 29, 2023 mandatory settlement conference before Judge Butcher, all parties and representatives with settlement authority **MUST APPEAR IN-PERSON**. The Court, however, **GRANTED** Carl E. Douglas an exception to appear via Zoom for the conference for medical reasons and **ORDERED** that co-counsel appear in-person along with his clients. Moreover, considering counsel's representation that the minor plaintiff's guardian ad litem is unable to attend the in-person conference, counsel is **DIRECTED** to obtain and file, no later than November 22, 2023, a declaration from the guardian ad litem authorizing the minor's mother (and co-plaintiff) to bind the minor in a settlement agreement. By the same November 22, 2023 deadline, Plaintiffs are **DIRECTED** to file a status report on whether it has provided defense counsel with the records, reports, or materials of treating doctors Jarrell and Bellinger.

In addition, no later than December 15, 2023, the parties must file: (1) a revised joint submission of agreed proposed jury instructions, (2) responses to the Court's proposed jury questionnaire, and (3) a joint status report on the video composite to be shown during jury selection.

* * *

Finally, it bears noting that during the Court's discussion of the parties' varying claims, counsel for Estate of Oral W. Nunis, Sr., Roxie A. Nunis, Naomi Nunis, Abigail Nunis, and J.C.N. (collectively, "Roxie Plaintiffs") remarked in passing that the Court "had not allowed" him to plead federal claims for the Roxie Plaintiffs. This is untrue and warrants comment.

The Court makes clear it has issued no Order precluding the Roxie Plaintiffs from filing federal claims in this action or seeking leave to amend to do so. As background, the two sets of plaintiffs in this case originally filed in San Diego Superior Court two separate state court actions arising out of Nunis' death on March 13, 2020. The Roxie Plaintiffs asserted state law claims, only. The Kimone Plaintiffs asserted state and federal claims. The Superior Court granted an unopposed motion to consolidate the two cases on September 15, 2021, and the following day, Defendants removed the consolidated matter to federal court. This procedural history is recounted in the Court's Order denying the Roxie Plaintiff's motion to remand. (Doc. No. 18.)

After the Court denied remand, Defendants filed a Motion for Judgment on the Pleadings (Doc. No. 30), and the Roxie Plaintiffs filed a Motion to Amend to add federal claims (Doc. No. 36). Both motions were denied **WITHOUT PREJUDICE** by the Court because the Court directed, for judicial efficiency and economy, the filing of a First Amended Consolidated Complaint by Plaintiffs.[1] (Doc. No. 45.) No limitations on the claims to be asserted were imposed. (*Id.*) In response to the Court's Order, Plaintiffs filed a consolidated complaint, wherein the Roxie Plaintiffs repleaded their state law claims but added no federal claims. (Doc. No. 55.) The Kimone Plaintiffs repleaded their state law and federal claims. (*Id.*) The Roxie Plaintiffs never renewed their Motion to Amend to add federal claims.

After the filing of the consolidated complaint and consolidated answer, Defendants renewed their Motion for Judgment on the Pleadings. (Doc. No. 57.) The Court granted in part and denied in part Defendants' motion, striking the Roxie Plaintiffs' negligence claim insofar as they alleged negligent hiring, supervision, or investigation. (Doc. No. 82.) The Order did not preclude the Roxie Plaintiffs from seeking leave to amend to add federal claims. (*Id.*)

---

[1] The Court also directed Defendants to file a Consolidated Answer to the First Amended Complaint. (Doc. No. 45.)

At no point during the pleading or dispositive motions stage did the Roxie Plaintiffs seek to renew their prior Motion to Amend. Indeed, the Roxie Plaintiffs maintained this course of action, despite being on notice that the federal claims in this case, and the Court's rulings thereon, pertained only to the Kimone Plaintiffs. (*See, e.g.*, Doc. No. 79 (requesting summary judgment on the Kimone Plaintiffs' federal law claims); 92 (summary judgment Order noting that the federal claims are raised only by the Kimone Plaintiffs).)

Whether by strategy or neglect, the Roxie Plaintiffs did not pursue federal claims in this case, and the Court never prevented their ability to do so. There being no justifiable basis for the Roxie Plaintiffs' failure to renew their Motion to Amend or otherwise timely raise the issue, the Court finds it is now too late to grant any such leave to amend their claims.

Accordingly, as set forth in the Final Pretrial Order and clarified more fully herein, the causes of action to be tried with respect to each set of plaintiffs are as follows.

As to the Roxie Plaintiffs:
- Bane Act
- Battery
- Negligence/Wrongful Death

As to the Kimone Plaintiffs:
- Bane Act
- Battery
- Assault
- Negligence/Wrongful Death
- Negligent Infliction of Emotion Distress (as to Kimone Nunis only)
- Section 1983 Excessive Force
- Section 1983 Denial of Medical Care

**IT IS SO ORDERED**.

Dated: October 10, 2023

Hon. Anthony J. Battaglia
United States District Judge