UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ORAL W. NUNIS, SR. by and through, Roxie A. Nunis, Individually, et al., <br><br>       Plaintiffs, <br><br> v. <br><br> CITY OF CHULA VISTA, et al., <br><br>       Defendants. | Case No.:  21cv1627 AJB DEB <br><br> **ORDER RE THE MANDATORY SETTLEMENT CONFERENCE** |

## I.   PROXY FOR GUARDIAN AD LITEM

Plaintiff, Willie Mae Kirkland ("Ms. Kirkland"), as Guardian ad Litem for J.T.N., has filed a Declaration (Doc. No. 135) as previously allowed by the Court, to allow Plaintiff Roxie Nunis to serve as her proxy for the upcoming Mandatory Settlement Conference ("MSC") on November 29, 2023. The Court accepts this and will allow Roxie Nunis to serve as a proxy for the MSC **only**.

The Declaration suggests that the proxy applies to all matters going forward, stating "full settlement authority to act on my behalf as Guardian ad litem for her son Plaintiff J.T.N. at the upcoming M.S.C., as well as for **all future proceedings**, including any future trial in this matter." (Doc. No. 135 at 3 (emphasis in original).) This will not be allowed. Ms. Kirkland is not excused from future court proceedings, nor is Roxie Nunis a suitable

1

21cv1627 AJB DEB

substitute in all instances. Roxie Nunis is not conflict-free and would not be appointed Guardian ad Litem in this case in the normal course.

Ms. Kirkland has also noted that her appointment as Guardian ad Litem for Plaintiff Abigail T. Nunis is no longer necessary as she is now an adult. Based thereon, the Guardian ad Litem appointment for Abigail T. Nunis is now **VACATED**.

## II.   ADMONISHMENT OF CONFIDENTIALITY

As to the MSC proceedings, counsel and all parties are **HEREBY ADMONISHED** that the settlement conference is subject to Local Civil Rule 16.3.h, which states: "The settlement conference will be off the record, privileged and confidential, unless otherwise ordered by the Court." Any disclosure of the statements, positions, offers, or demands discussed or exchanged in the conference briefings will violate the Local Rule and this Order. Any such violation will result in the imposition of sanctions. Counsel are **ORDERED** to provide a copy of this Order to each party and party representative.

The Court makes this admonishment upon discovering that a CBS News story entitled "Excited Delirium" aired on Wednesday November 15, 2023, and again the following day. It featured Plaintiff Kimone Nunis and her attorney, Mr. Lacy, discussing the case. The story ended pointing out the MSC at the end of the month and the trial date in April 2024. Considering the recent publicity, the Court deems it appropriate to remind counsel and the parties of the settlement conference confidentiality rules. Those rules are designed to allow full, frank, and candid discussions of the case and the parties' positions, in the interest of resolving the matter. The process will be frustrated if those discussions are compromised by fear of public disclosure. This admonishment also applies to any settlement discussions between the parties outside the MSC.

Beyond frustrating settlement prospects, release of the conference discussions and details could compromise jury selection in this case. As counsel and the parties know, the Court has circulated a proposed juror survey to gauge the impact, if any, of pretrial publicity, as well as perceived bias or prejudice (conscious or otherwise) considering the issues in this case. (Doc. No. 131.) This is a necessary step to ensure a fair and impartial

jury to hear this case. Settlement discussions including offers and demands are not admissible to prove liability. *See* Fed. R. Rule Evid. 408. This case must be tried solely on the admissible evidence presented at trial.

Counsel and the parties must proceed with these concerns in mind.

**IT IS SO ORDERED.**

Dated:  November 20, 2023

Hon. Anthony J. Battaglia
United States District Judge

21cv1627 AJB DEB