1
2
3
4
5
6

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
   E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
   E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
   E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

7
8
9

Attorneys for Defendants,
CITY OF CHULA VISTA, EVAN
LINNEY, MANUEL PADILLA, DAVID
RIVERS, BRIAN OLSON, JORDAN
SALVADOR, and KENNETH HICKS

10

**UNITED STATES DISTRICT COURT**

11

**SOUTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  ESTATE OF ORAL W. NUNIS, SR. by<br>14  and through, ROXIE A. NUNIS,<br>     individually, and as Administratrix of<br>     the ESTATE, and NAOMI UNIS,<br>15  Individually, ABIGAIL TABITHA<br>     NUNIS, Individually, and WILLIE<br>16  MAE KIRKLAND as Guardian *ad*<br>     *Litem* for J.C.N., KIMONE NUNIS,<br>17  ORAL W. NUNIS, ANDRE NUNIS<br>     and LUDECEA NUNIS, as Successors-<br>18  in-Interest to Decedent ORAL W.<br>     NUNIS, SR,<br>19<br>20              Plaintiffs,<br>21         vs.<br>22  CITY OF CHULA VISTA; DAVID<br>     ARCE, BRIAN OLSEN, DAVID<br>23  KREMER, EVAN LINNEY, DAVID<br>     RIVERS, MANUAL PADILLA,<br>24  JORDAN SALVADOR, KENNETH<br>     HICKS and DOES 1-90, Inclusive,<br>25              Defendants. | Case No. 21-cv-1627-AJB-DEB<br>[*Hon. Anthony J. Battaglia*, *Dist. Judge*;<br>*Hon. Daniel E. Butcher*, *M. Judge*]<br><br>**AMENDED JOINTLY PROPOSED<br>JURY INSTRUCTIONS OF THE<br>PARTIES**<br><br><br><br><br>Pre-Trial Conf:    07/13/2023<br>Trial Date:          04/16/2024 |

26

27   ///

28   ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

2  By and through their counsel of record in this action, Plaintiffs ESTATE OF

3  ORAL W. NUNIS, SR., by and through ROXIE A. NUNIS, individually, and as

4  successor in interest to the ESTATE, NAOMI NUNIS, ABIGAIL TABITHA NUNIS,

5  and WILLIE MAE KIRKLAND as guardian *ad litem* for JABEZ CALEB NUNIS

6  ("Roxie Nunis Plaintiffs"); Plaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDRE

7  NUNIS, and LUDECEA NUNIS ("Kimone Nunis Plaintiffs"); and Defendants CITY

8  OF CHULA VISTA, EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS,

9  BRIAN OLSON, JORDAN SALVADOR, and KENNETH HICKS ("Defendants")

10  hereby submit the following **Amended Jointly Proposed Jury Instructions**, to

11  which the parties have stipulated to be provided to the jury at the time of trial, pursuant

12  to Federal Rules of Civil Procedure 16 and 51; United States District Court, Southern

13  District of California Local Rules 16.1 and 51.1 (as applicable); and the applicable

14  Order of the Court.

15  The parties reserve the right to amend these [First Amended Jointly Proposed]

16  Jury Instructions, subject to any objections, motions *in limine*, and applicable Orders

17  of the Court.

18

19  DATED:  December 15, 2023          LEWIS BRISBOIS BISGAARD & SMITH LLP

20

21

22                         By:      */s/ Abigail J.R. McLaughlin*

23                                  TONY M. SAIN
                                    TORI L. N. BAKKEN
24                                  ABIGAIL J. R. McLAUGHLIN
                                    Attorneys for Defendants,
25                                  CITY OF CHULA VISTA, EVAN
                                    LINNEY, MANUEL PADILLA, DAVID
26                                  RIVERS, BRIAN OLSON, JORDAN
                                    SALVADOR, and KENNETH HICKS
27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   DATED:  December 15, 2023        DOUGLAS/HICKS LAW, APC; THE
2                                    WESTMORELAND LAW FIRM, PC

3

4                                    By:   _____/s/ Noel Arreola_____
5                                          CARL E. DOUGLAS
6                                          DOMINIQUE WESTMORELAND
                                           NOEL ARREOLA
7                                    Attorneys for Plaintiffs,
8                                    ESTATE OF ORAL W. NUNIS SR.,
                                     ROXIE A. NUNIS, NAOMI NUNIS,
9                                    ABIGAIL TABITHA NUNIS, and
10                                   WILLIE MAE KIRKLAND as Guardian
                                     ad Litem for JABEZ CALEB NUNIS
11

12  DATED:  December 15, 2023        BURRIS, NISENBAUM, CURRY & LACY
13

14

15                                   By:   _____/s/ DeWitt M. Lacy_____
16                                         DEWITT M. LACY
                                           JULIA QUESADA
17                                   Attorneys for Plaintiffs,
18                                   KIMONE NUNIS, ORAL W. NUNIS,
                                     ANDRE NUNIS, and LUDECEA NUNIS
19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133279803.1                                      3              Case No. 21-cv-1627-AJB-DEB
                                  [JOINTLY PROPOSED] JURY INSTRUCTIONS

# **TABLE OF CONTENTS**

**Page**

JURY INSTRUCTION NO. 1.: DUTY OF JURY ................................................... 1

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions (2017-2022),
  § 1.3 .................................................................................................................. 1

JURY INSTRUCTION NO. 2.: CLAIMS AND DEFENSES .................................. 2

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.5. ...................................................................................................... 3

JURY INSTRUCTION NO. 3.: BURDEN OF PROOF—PREPONDERANCE
  OF THE EVIDENCE ......................................................................................... 4

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.6. ...................................................................................................... 4

JURY INSTRUCTION NO. 4.: WHAT IS EVIDENCE ........................................ 5

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.9. ...................................................................................................... 5

JURY INSTRUCTION NO. 5.: WHAT IS NOT EVIDENCE ................................ 6

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.10. .................................................................................................... 6

JURY INSTRUCTION NO. 6.: EVIDENCE FOR LIMITED PURPOSE ................ 7

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.11. .................................................................................................... 7

JURY INSTRUCTION NO. 7.: DIRECT AND CIRCUMSTANTIAL
  EVIDENCE ........................................................................................................ 8

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.12. .................................................................................................... 8

JURY INSTRUCTION NO. 8.: RULING ON OBJECTIONS ................................ 9

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.13. .................................................................................................... 9

JURY INSTRUCTION NO. 9.: BENCH CONFERENCES AND RECESSES ...... 10

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.20. .................................................................................................. 10

JURY INSTRUCTION NO. 10.: CONDUCT OF THE JURY ............................. 11

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-
  2022), § 1.15. .................................................................................................. 12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

JURY INSTRUCTION NO. 11.: TAKING NOTES (JUROR NOTES) ................. 13

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.18. ....................................................................... 13

JURY INSTRUCTION NO. 12.: NO TRANSCRIPT AVAILABLE TO JURY ............................................................................................ 14

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 1.17. ....................................................................... 14

JURY INSTRUCTION NO. 13.: CREDIBILITY OF WITNESSES ..................... 15

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.14. ....................................................................... 16

JURY INSTRUCTION NO. 14.: IMPEACHMENT EVIDENCE—WITNESS ...... 17

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.9. ....................................................................... 17

JURY INSTRUCTION NO. 15.: EXPERT OPINION ........................................... 18

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.13. ....................................................................... 18

JURY INSTRUCTION NO. 16.: EXPERT OPINION – RELIABILITY* ............. 19

AUTHORITY SOURCE: SPECIAL:  Federal Rule of Evidence 702; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590-592 (1993). ............................... 19

JURY INSTRUCTION NO. 17.: MEDICAL EXPERT OPINION – CAUSATION* .................................................................................. 20

AUTHORITY: SPECIAL:  Federal Rule of Evidence 702; *Lajoie v. Thompson*, 217 F.3d 663, 667. fn. 4 (9th Cir. 1999); *Guam v. Reyes*, 879 F.2d 646, 649 (9th Cir. 1988). ....................................................................... 20

JURY INSTRUCTION NO. 18.: DEPOSITION TESTIMONY ............................. 21

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.4 (Modified). ....................................................................... 21

JURY INSTRUCTION NO. 19.: USE OF INTERROGATORIES OF A PARTY .................................................................................. 22

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.11. ....................................................................... 22

JURY INSTRUCTION NO. 20.: TRANSCRIPT OF RECORDING ...................... 23

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.5. ....................................................................... 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

JURY INSTRUCTION NO. 21.: CHARTS AND SUMMARIES RECEIVED INTO EVIDENCE ...................................................................... 24

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.15. .............................................................. 24

JURY INSTRUCTION NO. 22.: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE (DEMONSTRATIVE EVIDENCE)* ............. 25

AUTHORITY: SPECIAL: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.14 (Modified). .................................... 25

JURY INSTRUCTION NO. 23.: EVIDENCE IN ELECTRONIC FORMAT ........ 26

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.16. .............................................................. 27

JURY INSTRUCTION NO. 24.: STIPULATIONS OF FACT ............................... 28

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.2. ................................................................ 28

JURY INSTRUCTION NO. 25.: OUTLINE OF TRIAL .................................... 29

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.21. .............................................................. 29

JURY INSTRUCTION NO. 26.: SECTION 1983 CLAIM— INTRODUCTORY INSTRUCTION ............................................................. 30

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 9.1. ................................................................ 30

JURY INSTRUCTION NO. 27.: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF ................................................................................. 31

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 9.3. ................................................................ 31

JURY INSTRUCTION NO. 28.: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE (DEADLY AND NONDEADLY) ........................... 32

AUTHORITY SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 9.25 (as modified); *Mattos v. Agarano*, 661 F.3d 433, 441-442 (9th Cir. 2011) (prioritizing the factors of *Graham v. Connor*, 490 U.S. 386 (1989)). ................................................ 34

JURY INSTRUCTION NO. 29.: CAUSATION (FEDERAL-LAW CLAIMS) ...... 35

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 9.2. ................................................................ 35

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

JURY INSTRUCTION NO. 30.: NEGLIGENCE - BASIC STANDARD OF CARE ...................................................................................... 36

AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 401 (2021). ................................................................................ 36

JURY INSTRUCTION NO. 31.: CAUSATION (CALIFORNIA LAW CLAIMS)* ............................................................................................ 37

AUTHORITY: SPECIAL: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 430 (modified to clarify applicability only to state-law claims). ............................................................................................ 37

JURY INSTRUCTION NO. 32.: BANE ACT – ESSENTIAL FACTUAL ELEMENTS (CIV. CODE., § 52.1)................................................... 38

AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3066 (2021). ............................................................................. 39

JURY INSTRUCTION NO. 33.: NEGLIGENCE – RECOVERY OF DAMAGES FOR EMOTIONAL DISTRESS – NO PHYSICAL INJURY – BYSTANDER – ESSENTIAL FACTUAL ELEMENTS ............ 40

AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 1621 (2023). ............................................................................. 41

JURY INSTRUCTION NO. 34.: CAUSATION – MULTIPLE CAUSES* ............ 42

AUTHORITY: SPECIAL: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 431 (2021) (modified to clarify applicability only to state-law claims)............................................................................................ 42

JURY INSTRUCTION NO. 35.: VICARIOUS LIABILITY – INTRODUCTION* ............................................................................. 43

AUTHORITY: SPECIAL:  Judicial Council of Cal., Civil Jury Instructions ("CACI") nos. 3700, 3703. .............................................................. 43

JURY INSTRUCTION NO. 36.: DAMAGES—PROOF ........................................ 44

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), §§ 5.1, 5.2............................................................................. 45

JURY INSTRUCTION NO. 37.: DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE................................................ 46

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 5.4. ...................................................................................... 46

JURY INSTRUCTION NO. 38.: DAMAGES—MITIGATION............................... 47

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 5.3.......................................................................................... 47

JURY INSTRUCTION NO. 39.: NO DAMAGES IF NO LIABILITY*................ 48

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133279803.1                          iv                    Case No. 21-cv-1627-AJB-DEB
[JOINTLY PROPOSED] JURY INSTRUCTIONS

AUTHORITY: SPECIAL: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3900 (modified). ........................................................48

JURY INSTRUCTION NO. 40.: PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS ........................................................49

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 5.5. ........................................................50

JURY INSTRUCTION NO. 41.: PUNITIVE DAMAGES – PREDICATE – CALIFORNIA CLAIMS ........................................................51

AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3941 (2021). ........................................................51

JURY INSTRUCTION NO. 42.: BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE ........................................................53

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.7. ........................................................53

JURY INSTRUCTION NO. 43.: PUNITIVE DAMAGES – CALCULATION [*TO BE READ IN PUNITIVE DAMAGES PHASE OF TRIAL ONLY*] ..........54

AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3942; *see also* Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 5.5. ........................................................55

JURY INSTRUCTION NO. 44.: DUTY TO DELIBERATE ........................................56

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 3.1. ........................................................56

JURY INSTRUCTION NO. 45.: COMMUNICATION WITH THE COURT ........57

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 3.3. ........................................................57

JURY INSTRUCTION NO. 46.: CONSIDERATION OF EVIDENCE -- CONDUCT OF THE JURY ........................................................58

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2020), § 3.2. ........................................................59

JURY INSTRUCTION NO. 47.: INTRODUCTION TO THE SPECIAL VERDICT FORM* ........................................................60

AUTHORITY SPECIAL: CACI 5012 (modified). ........................................................60

JURY INSTRUCTION NO. 48.: RETURN OF VERDICT ........................................61

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 3.5 (modified). ........................................................61

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>JURY INSTRUCTION NO. 1.: DUTY OF JURY</u>

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**<u>AUTHORITY: Ninth Circuit Manual of Model Jury Instructions (2017-2022), §
1.3</u>**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 2.: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs make the following claims in this action against the defendants:

Plaintiffs claim that, during an incident that occurred on March 12, 2020, defendants City of Chula Vista Police Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and JORDAN SALVADOR used excessive, unreasonable, and negligent force, or failed to intervene to prevent such, on ORAL W. NUNIS, SR. in violation of federal and California law, and that such force caused ORAL W. NUNIS SR.'s death/injuries and plaintiffs' related injuries and damages.

Plaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS, and LUDECEA NUNIS further claim that Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and JORDAN SALVADOR failed to promptly summon medical care for ORAL W. NUNIS, SR. in violation of federal law and that such failure caused ORAL W. NUNIS SR.'s death/injuries and plaintiffs' related injuries and damages.

Plaintiff KIMONE NUNIS claims that she suffered emotional distress from witnessing Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and JORDAN SALVADOR's use of force on her father, ORAL W. NUNIS, SR.

Plaintiffs have the burden of proving each of these claims by a preponderance of the evidence.

Defendants deny each and all of plaintiffs' claims against the defendants, and defendants contend that, based on the facts actually known to them, defendants Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

OLSON, and JORDAN SALVADOR acted reasonably under the totality of the circumstances during the incident involving ORAL W. NUNIS, SR.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.5.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 3.: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.6.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 4.: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

      1.    the sworn testimony of any witness;

      2.    the exhibits that are admitted into evidence;

      3.    any facts to which the lawyers have agreed; and

      4.    any facts that I may instruct you to accept as proved.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.9.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## JURY INSTRUCTION NO. 5.: WHAT IS NOT EVIDENCE

2

3    In reaching your verdict, you may consider only the testimony and exhibits

4 received into evidence. Certain things are not evidence, and you may not consider

5 them in deciding what the facts are. I will list them for you:

6    (1)    Arguments and statements by lawyers are not evidence. The lawyers are

7 not witnesses. What they may say in their opening statements, closing arguments, and

8 at other times is intended to help you interpret the evidence, but it is not evidence. If

9 the facts as you remember them differ from the way the lawyers have stated them,

10 your memory of them controls.

11    (2)    Questions and objections by lawyers are not evidence. Attorneys have a

12 duty to their clients to object when they believe a question is improper under the rules

13 of evidence. You should not be influenced by the objection or by the court's ruling on

14 it.

15    (3)    Testimony that has been excluded or stricken, or that you are instructed

16 to disregard, is not evidence and must not be considered. In addition, some evidence

17 may be received only for a limited purpose; when I instruct you to consider certain

18 evidence only for a limited purpose, you must do so and you may not consider that

19 evidence for any other purpose.

20    (4)    Anything you may see or hear when the court was  not  in session is not

21 evidence. You are to decide the case solely on the evidence received at the trial.

22

23 **AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-**

24 **2022), § 1.10.**

25 TO BE GIVEN _____

26 GIVEN AS MODIFIED _____

27 WITHDRAWN _____

28 REFUSED _____



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133279803.1                                6                Case No. 21-cv-1627-AJB-DEB
                              [JOINTLY PROPOSED] JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 6.: EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.11.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 7.: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.12.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 8.: RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.13.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 9.: BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.20.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 10.: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.


**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.15.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 11.: TAKING NOTES (JUROR NOTES)

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.18.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**JURY INSTRUCTION NO. 12.: NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 1.17.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

_____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 13.: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.14.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____



## JURY INSTRUCTION NO. 14.: IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime, or lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.9.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 15.: EXPERT OPINION

You have heard testimony from expert witnesses in this case, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering a witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.13.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2

## <u>JURY INSTRUCTION NO. 16.: EXPERT OPINION – RELIABILITY</u>*

3   Where the Court has determined that scientific, technical, or other specialized
4   knowledge will assist the jury to understand the evidence, or to determine a fact at
5   issue in the case, a witness qualified as an expert by knowledge, skill, experience,
6   training, or education, may testify thereto in the form of an opinion or otherwise.

7   In evaluating the credibility of the expert witness, the jury is permitted to
8   consider: (l) whether the testimony is based upon sufficient facts or data; (2) whether
9   the testimony is the product of reliable principles and methods; and (3) whether the
10  witness has applied the principles and methods reliably to the facts of the case.

11
12  <u>**AUTHORITY SOURCE: SPECIAL:  Federal Rule of Evidence 702;** *Daubert v.*</u>
13  <u>*Merrell Dow Pharms.***, 509 U.S. 579, 590-592 (1993).**</u>

14
15  TO BE GIVEN _____
16  GIVEN AS MODIFIED _____
17  WITHDRAWN _____
18  REFUSED _____

19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### JURY INSTRUCTION NO. 17.: MEDICAL EXPERT OPINION – CAUSATION*

In order to be considered as evidence, medical expert testimony regarding causation of injury or death must be stated to a reasonable degree of medical probability [or certainty].

**AUTHORITY: SPECIAL:  Federal Rule of Evidence 702; *Lajoie v. Thompson*, 217 F.3d 663, 667. fn. 4 (9th Cir. 1999); *Guam v. Reyes*, 879 F.2d 646, 649 (9th Cir. 1988).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 18.: DEPOSITION TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.4 (Modified).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**JURY INSTRUCTION NO. 19.: USE OF INTERROGATORIES OF A PARTY**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.11.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 20.: TRANSCRIPT OF RECORDING

During this case, you may have listened to a recording that has been received in evidence. Please listen to it very carefully. Each of you may be given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling. After the recording has been played, the transcript will be taken from you.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.5.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# JURY INSTRUCTION NO. 21.: CHARTS AND SUMMARIES RECEIVED INTO EVIDENCE

Certain charts and summaries may be received or admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.15.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 22.: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE (DEMONSTRATIVE EVIDENCE)*

Certain demonstrative exhibits, or charts and summaries, not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Demonstrative exhibits, or charts and summaries, are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**AUTHORITY: SPECIAL: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.14 (Modified).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 23.: EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.16.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 24.: STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1.     On the night of March 12, 2020, defendants Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and JORDAN SALVADOR were police officers employed by defendant CITY OF CHULA VISTA.

2.     The arrest efforts and uses of force of defendants Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and JORDAN SALVADOR that are at issue in this case were under color of state law.

3.     The arrest efforts and uses of force of defendants Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and JORDAN SALVADOR that are at issue in this case were performed within the course and scope of their employment with Defendant CITY OF CHULA VISTA.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 2.2.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## JURY INSTRUCTION NO. 25.: OUTLINE OF TRIAL

2      Trials proceed in the following way:

3      First, each side may make an opening statement. An opening statement is not

4 evidence. It is simply an outline to help you understand what that party expects the

5 evidence will show. A party is not required to make an opening statement.

6      The plaintiff will then present evidence, and counsel for the defendants may

7 cross-examine. Then the defendants may present evidence, and counsel for the

8 plaintiff may cross-examine.

9      After the evidence has been presented, I will instruct you on the law that applies

10 to the case and the attorneys will make closing arguments.

11      After that, you will go to the jury room to deliberate on your verdict.

12

13 **AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-**

14 **2022), § 1.21.**

15

16 TO BE GIVEN _____

17 GIVEN AS MODIFIED _____

18 WITHDRAWN _____

19 REFUSED _____

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 26.: SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiffs brings their claims for violations of her constitutional rights under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 9.1.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 27.: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on their § 1983 claims against defendants Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADOR, Plaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS, and LUDECEA NUNIS must prove each of the following elements by a preponderance of the evidence:

1.    The defendant deputy acted under color of state law; and

2.    The acts of the defendant deprived the plaintiffs or plaintiff's decedent of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements plaintiffs are required to prove under the instructions I am about to review with you, your verdict should be for the plaintiffs on the plaintiffs' § 1983 claim.

If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 9.3.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____



**JURY INSTRUCTION NO. 28.: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE (DEADLY AND NONDEADLY)**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, in defending himself or others, and/or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, tPlaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDREW NUNIS, and LUDECEA NUNIS must prove by a preponderance of the evidence that defendants Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADORused excessive force on ORAL W. NUNIS, SR. during the incident at issue in this case.

Under the Fourth Amendment, a peace officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)    the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2)    whether Decedent ORAL NUNIS posed an immediate threat to the safety of the defendant officers or to others;

(3)    whether Decedent ORAL NUNIS was actively resisting arrest or attempting to evade arrest by flight;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(4)     the amount of time the defendant officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the relationship between the need for the use of force and the amount of force used;

(6)     the extent of Decedent ORAL NUNIS' injury;

(7)     any effort made by the defendant officers to temper or to limit the amount of force;

(8)     the severity of the security problem at issue;

(9)     the availability of alternative methods either to take Decedent ORAL NUNIS into custody or to subdue him;

(10)    the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

(11)    whether it was practical for the defendant officers to give warning of the imminent use of force, and whether such warning was given;

(12)    whether it should have been apparent to the defendant officers that Decedent ORAL NUNIS was emotionally disturbed;

(13)    whether a reasonable officer would have or should have accurately perceived a mistaken fact;

(13)    whether there was probable cause for a reasonable officer to believe that the subject had committed a crime involving the infliction or threatened infliction of serious physical harm.


"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable peace officer would conclude there is a fair probability that the subject has committed or was committing a crime.



1  **AUTHORITY SOURCE: Ninth Circuit Manual of Model Jury Instructions,**

2  **Civil (2017-2022), § 9.25 (as modified); *Mattos v. Agarano*, 661 F.3d 433, 441-442**

3  **(9th Cir. 2011) (prioritizing the factors of *Graham v. Connor*, 490 U.S. 386**

4  **(1989)).**

5

6  TO BE GIVEN _____

7  GIVEN AS MODIFIED _____

8  WITHDRAWN _____

9  REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**JURY INSTRUCTION NO. 29.: CAUSATION (FEDERAL-LAW CLAIMS)**

In order to establish that the acts of defendants Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADORproximately caused ORAL W. NUNIS, SR. and/or plaintiffs to experience a deprivation of particular rights under the United States Constitution, as explained in the foregoing instructions, Plaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS, and LUDECEA NUNIS must prove by a preponderance of the evidence that the acts of such defendants were so closely related to the deprivation of the particular constitutional rights as to be the moving force that caused the ultimate injury to such rights.

Many factors or things, or the conduct of two or more persons, can operate at the same time, either independently or together, to cause death or injury/damage, and in such a case, each may be the proximate cause.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2020), § 9.2.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 30.: NEGLIGENCE - BASIC STANDARD OF CARE

Ordinary negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A civilian can be negligent by acting or by failing to act. A civilian is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the Decedent ORAL W. NUNIS' situation.

**AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 401 (2021).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 31.: CAUSATION (CALIFORNIA LAW CLAIMS)*

In order to establish liability for plaintiffs' California law claims, as explained in the foregoing instructions, the plaintiff must prove by a preponderance of the evidence that the conduct of the defendant Officers was a substantial factor in causing decedent's harm/injuries.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**AUTHORITY: SPECIAL: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 430 (modified to clarify applicability only to state-law claims).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 32.: BANE ACT – ESSENTIAL FACTUAL ELEMENTS (CIV. CODE., § 52.1)

All Plaintiffs claim that defendants Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/ or JORDAN SALVADOR, intentionally interfered with ORAL W. NUNIS, SR.'s civil rights by threats, intimidation, or coercion. To establish this claim, plaintiffs must prove all of the following:

1. That by threats, intimidation or coercion, defendant Officers caused Decedent ORAL W. NUNIS, SR. to reasonably believe that if he exercised his right to be free from unlawful seizures (including excessive force), defendant Officers would commit violence against him and that defendant Officers had the apparent ability to carry out the threats;

or

That defendant Officer acted violently against Decedent ORAL W. NUNIS, SIR. to prevent him from exercising his right to be free from unlawful seizures (including excessive force);

2. That defendant Officers intended to deprive Decedent ORAL W. NUNIS, SR. of his enjoyment of the interests protected by the right;

3. That ORAL W. NUNIS, SR. was harmed; and

4. That the conduct of the defendant Officer/Officers was a substantial factor in causing ORAL W. NUNIS, SR.'s harm.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3066 (2021).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

### JURY INSTRUCTION NO. 33.: NEGLIGENCE – RECOVERY OF DAMAGES FOR EMOTIONAL DISTRESS – NO PHYSICAL INJURY – BYSTANDER – ESSENTIAL FACTUAL ELEMENTS

Plaintiff KIMONE NUNIS claims that she suffered serious emotional distress as a result of perceiving an injury to and/or the death of ORAL W. NUNIS SR.  To establish this claim, plaintiff KIMONE NUNIS must prove all of the following:

That defendant Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADOR negligently caused injury to and/or the death of ORAL W. NUNIS SR.

That when the incident between Decedent ORAL NUNIS SR. and defendant Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADORthat caused injury to and/or the death of ORAL W. NUNIS SR. occurred, plaintiff KIMONE NUNIS was present at the scene.

That plaintiff KIMONE NUNIS was then aware that the incident between defendant Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADORand ORAL W. NUNIS SR. was causing injury to and/or the death of ORAL W. NUNIS;

That plaintiff KIMONE NUNIS suffered serious emotional distress; and

That defendant Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADOR'Sconduct was a substantial factor in causing plaintiff KIMONE NUNIS' serious emotional distress.

Plaintiff KIMONE NUNIS need not have been then aware that defendant Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADOcaused the incident between them and ORAL W. NUNIS, SR.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.  Serious emotional distress only exists if an ordinary, reasonable person would be unable to cope with it.

**AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 1621 (2023).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____



## JURY INSTRUCTION NO. 34.: CAUSATION – MULTIPLE CAUSES*

For plaintiff's California law claims: a person's negligence may combine with another factor to cause harm. If you find that a defendant Officer's conduct was a substantial factor in causing the plaintiffs or plaintiffs' decedent harm, then that defendant Officer is responsible for the harm.

A defendant Officer cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in ORAL W. NUNIS SR.'s harm.

**AUTHORITY: SPECIAL: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 431 (2021) (modified to clarify applicability only to state-law claims).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 35.: VICARIOUS LIABILITY – INTRODUCTION*

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

In this case, the parties have stipulated that:

(1)     defendant Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and JORDAN SALVADOR were employees of defendant CITY OF CHULA VISTA; and

(2)     during the incident seizure of ORAL W. NUNIS, SR., defendant Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and JORDAN SALVADOR were acting within the course and scope of their employment.

**AUTHORITY: SPECIAL:   Judicial Council of Cal., Civil Jury Instructions ("CACI") nos. 3700, 3703.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### JURY INSTRUCTION NO. 36.: DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs, you must determine the plaintiffs' damages.  The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendant.

You should consider the following:

1.      The nature and extent of the injuries;

2.      The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3.      The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4.      The reasonable value of necessary medical and psychological care, treatment, and services received to the present time; and

5.      The reasonable value of necessary medical and psychological care, treatment, and services that with reasonable probability will be required in the future.

6.      The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, and employment opportunities lost up to the present time;

7.      The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, and employment opportunities that with reasonable probability will be lost in the future; and

8.      The reasonable value of necessary household help, services other than medical, and expenses that with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      Your award must be based upon evidence and not upon speculation, guesswork
2   or conjecture.

3

4   **AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-**
5   **2022), §§ 5.1, 5.2.**

6

7   TO BE GIVEN _____
8   GIVEN AS MODIFIED _____
9   WITHDRAWN _____
10  REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 37.: DAMAGES ARISING IN THE FUTURE— DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering, disability, disfigurement, and emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 5.4.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 38.: DAMAGES—MITIGATION

The plaintiffs and plaintiffs' decedent have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1. that the plaintiffs or plaintiffs' decedent failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 5.3.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 39.: NO DAMAGES IF NO LIABILITY*

If you find that plaintiffs failed to prove by a preponderance of the evidence that any of the defendants violated plaintiffs' or ORAL W. NUNIS, SR.'s rights as claimed, in other words, if you find that none of the defendants are liable to the plaintiffs, you must not award damages to any plaintiffs in this case.

**AUTHORITY: SPECIAL: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3900 (modified).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 40.: PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS

Under federal law, if you find for the plaintiffs on the plaintiffs' § 1983 claim(s) for violations of plaintiff's decedent's constitutional rights, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages. You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiffs was malicious, oppressive or in reckless disregard of the plaintiffs' rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiffs.

Conduct is in reckless disregard of the plaintiffs' rights if, under the circumstances, it reflects complete indifference to the plaintiffs' safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiffs' rights under federal law.

An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiffs with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

harmed the plaintiffs was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiffs in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiffs.

Punitive damages may not be awarded against defendant CITY OF CHULA VISTA.

Punitive damages may be awarded even if you award plaintiffs only nominal, and not compensatory, damages.


**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 5.5.**


TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## JURY INSTRUCTION NO. 41.: PUNITIVE DAMAGES – PREDICATE – CALIFORNIA CLAIMS

2

3

4   If you decide that an officer defendant's conduct caused plaintiff or plaintiff's

5   decedent harm, you must decide whether that conduct justifies an award of punitive

6   damages.   The purposes of punitive damages are to punish a wrongdoer for the

7   conduct that harmed the plaintiffs and to discourage similar conduct in the future.

8   You may award punitive damages only if plaintiffs have proved by clear and

9   convincing evidence that defendant Officers EVAN LINNEY, MANUEL PADILLA,

10  DAVID RIVERS, BRIAN OLSON, and/ or JORDAN SALVADOR engaged in that

11  conduct with malice, oppression, or fraud.

12  "Malice" means that defendant Officers acted with intent to cause injury or that

13  defendant Officers' conduct was despicable and was done with a willful and knowing

14  disregard of the rights or safety of another. A person acts with knowing disregard

15  when the person is aware of the probable dangerous consequences of the person's

16  conduct and deliberately fails to avoid those consequences.

17  "Oppression" means that defendant Officers' conduct was despicable and

18  subjected ORAL W. NUNIS, SR. to cruel and unjust hardship in knowing disregard

19  of his rights.

20  "Despicable conduct" is conduct that is so vile, base, or contemptible that it

21  would be looked down on and despised by reasonable people.

22  "Fraud" means that defendant Officers intentionally misrepresented or

23  concealed a material fact and did so intending to harm ORAL W. NUNIS, Sr.

24

25  **AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no.**

26  **3941 (2021).**

27

28  ///



TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 42.: BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 1.7.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# JURY INSTRUCTION NO. 43.: PUNITIVE DAMAGES – CALCULATION
## [*TO BE READ IN PUNITIVE DAMAGES PHASE OF TRIAL ONLY*]

You must now decide the amount, if any, that you should award plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)    How reprehensible was the conduct of defendant Officers EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, BRIAN OLSON, and/or JORDAN SALVADOR? In deciding how reprehensible the defendants' conduct was, you may consider, among other factors:

       1.    Whether the conduct caused physical harm;

       2.    Whether that defendant disregarded the health or safety of others;

       3.    Whether ORAL W. NUNIS, SR. was financially weak or vulnerable and defendant Officers knew ORAL W. NUNIS, SR. was financially weak or vulnerable and took advantage of him;

4.    Whether defendant Officers' conduct involved a pattern or practice; and

       5.    Whether defendant Officers acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and plaintiff's harm?

(c) In view of defendant Officer or Officers' financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed defendant Officer or Officers' ability to pay.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1        Punitive damages may not be used to punish a defendant for the impact of his
2  or her alleged misconduct on persons other than plaintiffs and/or decedent.

3

4  **AUTHORITY: Judicial Council of Cal., Civil Jury Instructions ("CACI") no.**
5  **3942;** *see also* **Ninth Circuit Manual of Model Jury Instructions, Civil (2017-**
6  **2022), § 5.5.**

7

8  TO BE GIVEN _____

9  GIVEN AS MODIFIED _____

10  WITHDRAWN _____

11  REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 44.: DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 3.1.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 45.: COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers for the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court prior to reaching a verdict.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 3.3.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 46.: CONSIDERATION OF EVIDENCE -- CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in      writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2020), § 3.2.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## JURY INSTRUCTION NO. 47.: INTRODUCTION TO THE SPECIAL VERDICT FORM*

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the forms carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form in the order they appear. After you answer a question, the form tells you what to do next.

All of you must deliberate on and answer each question. All of you must agree on an answer before you can move on to the next question.

When you have finished filling out the form, your presiding juror must write the date and sign it at the bottom of the last page and then notify the bailiff that you are ready to present your verdict in the courtroom.

## AUTHORITY SPECIAL: CACI 5012 (modified).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133279803.1                             60                      Case No. 21-cv-1627-AJB-DEB
[JOINTLY PROPOSED] JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 48.: RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil (2017-2022), § 3.5 (modified).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW